## Cock *against* Fellows.

*Cock
v.
Fellows.*

FROM the return to the *certiorari* in this cause, it appeared that an action had been brought by the defendant in error, against the present plaintiff, before a justice of the peace, in which he declared on a writing or note, in the following words, " Due the bearer hereof £ 3, 18, 10, which I promise to pay to *Abraham Thompson*, or order, on demand, as witness my hand, this 22d 11th month, 1803 ;" signed, *Jordan Cock.* The note was not indorsed by *Thompson*, and the declaration stated the note as made payable to bearer. The justice gave judgment for the plaintiff below, for the amount of the note.

*A promissory note in these words " due to the bearer hereof £ 3, 18, 10, which I promise to pay to A. or order, on demand," is not a note payable to bearer, but must be transferred by indorsement.*

ALBANY,
Feb. 1806.

Brewerton
v.
Harris and
Harris.

*Van Antwerp*, for the plaintiff in error, insisted that the note must be considered as payable to order, and negotiable by indorsement only. The word bearer was introduced merely to shew the person to whom the debt was due, for which the note was given ; the mode of payment was, to the order of *Thompson*, without whose indorsement the plaintiff below, could not maintain his action. *Chitty* 173.

*Metcalf* contra, contended that the note was intended to be made payable to bearer, and transferable without indorsement ; and that the words, *or order*, ought to be rejected as superfluous.

*Per Curiam.* The word bearer has reference to *Thompson* as the payee, and as the promise is expressly to pay to him or order, another person could not maintain an action on the note without his indorsement. The judgment below must be reversed.

Judgment reversed.