EBENEZER MCGREGORY vs. EBENEZER P. MCGREGORY & others.

One who put his name on the back of a note, as guarantor before delivery, paid the amount of it to the payee, who indorsed and delivered it to him. *Held*, that he could declare on the note as indorsee, without alleging that he was guarantor.

An allegation that a note is lost is supported by proof that it has been destroyed by fire.

An action may be maintained against all the makers of a joint promissory note alleged to be lost, upon filing a sufficient bond of indemnity before judgment.

One of two joint payees and indorsers of a dishonored promissory note paid half of the amount of it to the other payee, who took up the note, indorsed the payment upon it, and, in a suit upon it against the makers, recovered judgment against them for the balance. *Held*, that the first named payee could also maintain an action against them for the amount paid by him, as money paid to their use.

CONTRACT against Ebenezer P. McGregory, Daniel N. Stanton and John C. Stanton. The declaration contained six counts; the first on a promissory note for $70 made by the defendants, payable to the plaintiff or order; the second and third respectively on promissory notes for $500 made by the defendants, payable to Levi Johnson or order, and by him indorsed to the plaintiff; the fourth on a promissory note for $500 made by the defendants, payable to Lot W. Crane or order, and by him indorsed to the plaintiff; (each of these three last counts contained an allegation that the plaintiff was unable to annex a copy of the note for the reason that it had been lost;) the fifth on a promissory note for $700 made by the defendants, payable three months after date to the order of the plaintiff and Rufus G. Pinney; (the count alleged that the plaintiff and Pinney indorsed this note for the accommodation of the defendants, that the defendants neglected to pay it at maturity, of which the plaintiff and Pinney had due and lawful notice, and that the plaintiff, as joint indorser, was compelled to pay and did pay upon the note, for the benefit of the defendants, the sum of $350 and interest;) the sixth for $350 paid by the plaintiff for the defendants' use and at their request; (the bill of particulars to this count alleged that the money was paid " to take up the defendants' note at the Monson Bank.") McGregory was defaulted; the Stantons defended the action.

At the trial in the superior court, before *Rockwell*, J., no question was made of the plaintiff's right to recover upon the first count.

In support of the second, third and fourth counts, the plaii itiff was allowed to testify, against the objection of the defendants, that the defendants made two notes, each for $500 and payable to Levi Johnson or order; that the plaintiff, for the accommodation of the defendants, put his name upon the backs of the notes after they were signed by the defendants; that the notes were then delivered to Johnson; that on the day they fell due the plaintiff went to Johnson and paid them, and Johnson indorsed them to him; that the defendants made another note for $500, payable to Lot W. Crane or order; that the plaintiff, for the accommodation of the defendants, put his name upon the back of it after it was signed by the defendants; that the note was then delivered to Crane; that a few days before it fell due the plaintiff paid the amount of it to Crane, and Crane indorsed it to him; and that he took all three notes to his home, where they were destroyed by fire. The defendants contended that the plaintiff could not recover on this evidence, because it tended to show that the notes were not lost, as alleged, but destroyed; that the notes testified to by the plaintiff were substantially different from those set forth in the declaration, were known by him to be different, and did not support the declaration; and that he was an original promisor or guarantor, and could not recover for any money paid by him, as such payment was voluntary. They also contended that no action at law could be maintained to recover the amount of promissory notes alleged to be lost, but that the plaintiff's remedy was in equity, and that, at any rate, no action at law could be maintained, unless before the beginning of the suit a demand was made upon the makers, and a reasonable indemnity offered them in case of payment. But the judge ruled that the plaintiff's testimony, if believed by the jury, would entitle him to a verdict on the second, third and fourth counts.

In support of the fifth and sixth counts the plaintiff introduced testimony tending to prove " that the defendants made the note therein described; that the plaintiff and Rufus G. Pinney, the

payees, jointly indorsed it for the accommodation of the defend-ants; that the latter obtained a discount of it at the Monson Bank; that, within a day or two after the making of it, the plaintiff gave to Rufus G. Pinney $350 to be applied towards the payment of it, requesting him to take it up; that Rufus G. Pinney took up the note at the bank and remained in the possession of it until his death, indorsing said payment upon the note; that upon his death Andrew Pinney became his administrator, suc-ceeded to the possession of this note, and subsequently brought a suit thereon against these defendants; and that a judgment was recovered by the plaintiff in that suit, which was paid by the defendants." It appeared from the record of the suit, that the judgment was for only $350 and interest.

The plaintiff also testified in relation to this note as follows: " I received a notice, I cannot tell what the notice was; it was a notice from a bank that the note fell due such a day, and I was requested to pay it. I took a horse and went to the bank. They were going to collect the note by law. The notice was, that a note signed by me and Andrew Pinney was due such a day, and payment was requested. I think I received the notice before the note became due. As I recollect, the notice was that the note would be due in a few days, and I was requested to pay it. I do not recollect whether I received the notice before or after the note fell due. It may have been on the same day and notifying me to pay the note." He further testified that " on the day the note fell due he was at the post-office and received a notice from the bank that the note aforesaid remained unpaid and they required him to pay the same."

The defendants requested the judge to rule that the plaintiff could not recover under either of these counts, because " the judg-ment and satisfaction in the case of Pinney against these defend-ants, he being the lawful holder of the note, was a satisfaction of and bar to the plaintiff's claim, and because the foregoing testi-mony, if believed by the jury, would not authorize them to find that any legal demand was ever made for the payment of the note, or any legal or sufficient notice given to the indorsers, and that consequently any payment made by the plaintiff thereon was

voluntary and in his own wrong." But the judge refused so to rule, and ruled that the foregoing testimony, if believed by the jury, would entitle the plaintiff to recover.

Under these instructions the defendants waived any issue of fact to the jury, and a verdict by the order of the judge was returned for the plaintiff on the first, second, third, fourth and sixth counts. After verdict, the plaintiff filed a bond for the protection of the defendants from liability on the lost notes, to the approval of the judge ; and the judge reported the case for the determination of this court. If all the foregoing rulings and instructions were correct, then judgment was to be entered upon the verdict, for the full sum found ; if not, then upon such counts as in the opinion of the court the plaintiff should be entitled to recover upon.

*E. Merwin,* for the Stantons.

*G. M. Stearns & M. P. Knowlton,* for the plaintiff.

GRAY, J. 1. No question is made of the plaintiff's right to recover upon the note set out in the first count of the declaration.

2. As to the notes described in the second, third and fourth counts, the plaintiff, although a guarantor, had the same right as any other person to take them up by paying the amount thereof to the holders and having them indorsed to himself. *Pinney* v. *McGregory,* 102 Mass. 186. Those counts state a good title in him as indorsee, and the omission to allege that he was also a guarantor is immaterial.

3. Destruction by fire is one mode by which property may be lost, and an allegation that a note has been lost is fully supported by proof that it has been destroyed by fire.

4. It is well settled in this Commonwealth, that an action at law may be maintained on a lost promissory note, whenever a bond of indemnity will afford complete protection to the defendant ; and that such an action may be maintained against the maker of such a note, upon filing a sufficient bond of indemnity. All the makers of the notes described in these three counts are defendants in this action ; and they do not stand like an indorser of a promissory note, who is entitled, upon taking it up, to the possession thereof, in order that he may have his recourse over

against the maker, or negotiate it again; or like the acceptor of a bill of exchange, who may need it as a voucher in settling his account with the drawer. *Fales* v. *Russell*, 16 Pick. 315. *Almy* v. *Reed*, 10 Cush. 421. *Boston Lead Co.* v. *McGuirk*, 15 Gray, 87. *Tower* v. *Appleton Bank*, 3 Allen, 387. *Tuttle* v. *Standish*, 4 Allen, 481. *Savannah National Bank* v. *Haskins*, 101 Mass. 370.

5. Upon the plaintiff's claim for money paid on the note indorsed by himself and Pinney, the defendants did not ask to have any question of fact submitted to the jury. The plaintiff's testimony, (though somewhat confused,) taken in connection with the record of the action brought by Pinney against these defendants, showing that they had the benefit of the amount paid by this plaintiff upon the note, would warrant the jury in finding, as against them, that that amount was paid by the plaintiff by the hand of Pinney after the note had been dishonored and due notice thereof given to the indorsers and demand of payment made upon them. The plaintiff is therefore entitled to recover that amount as money paid to the defendants' use. The judgment recovered by Pinney on the note was no merger of this cause of action. *Pownal* v. *Ferrand*, 6 B. & C. 439; *S. C.* 9 D. & R. 603. *Butler* v. *Wright*, 20 Johns. 367, and 6 Wend. 285.

*Judgment on the verdict for the plaintiff.*