ELIZA A. TUCKER *vs.* JOHN A. TUCKER.

Bristol. October 26. — 28, 1875. WELLS & MORTON, JJ., absent.

In an action by the payee against the maker of a promissory note alleged to be dated July 1, 1869, for $1000 payable on demand, the evidence at the trial was that the plaintiff lent the defendant $1000 in July, in 1868 or 1869, and at the same time received from him a note, which had been lost and could not be produced. There was no evidence when the note was payable. *Held*, that the note might be presumed to be payable on demand, and that the evidence was sufficient, in the absence of evidence that any other note of that amount was ever given by the defendant to the plaintiff, to warrant the jury in returning a verdict for the plaintiff, and the court in rendering judgment in his favor, upon his filing a sufficient bond of indemnity.

The assignment by the payee of a promissory note of all his right therein, without any indorsement, does not prevent the maintenance of an action upon the note in the name of the payee.

CONTRACT upon a promissory note for $1000 dated Attleborough, July 1, 1869, payable on demand to the plaintiff and signed by the defendant. Writ dated December 18, 1873. The declaration alleged the following particulars :

On or about July 1, 1869, the defendant made and delivered to Eliza A. Tucker a promissory note for the sum of $1000, payable on demand to her order, which she soon after lost, and the same has never been found or paid. Afterwards she indorsed, transferred and assigned all her right, title and interest in said note to Annie F. Newell of said Attleborough.

The plaintiff offered to indemnify the defendant against any claims on account of said note by a sufficient and satisfactory bond of indemnity.

The answer alleged that if, upon the facts stated in the declaration, the defendant was indebted to any one upon the note, he was indebted to Annie F. Newell and not to the plaintiff ; contained a general denial, and alleged payment.

At the trial in the Superior Court, before *Wilkinson*, J., the plaintiff testified as follows : " I reside in Attleborough. Know John A. Tucker. He is my son. I loaned him money in July, $1000, in 1868 or 1869. The same year I received it of Mr. Stanley. Received a note from him at the time I let him have the money. I can't find it. The last time I saw it was the time I gave up the company note. I have n't seen the note since the

time I received it.  I do not know what became of it.  The note was given at the time he gave up the company note.  Did not let him have the money at the time, but it was in consideration of giving up a company note.  Interest was paid up to the time I took John A. Tucker's note.  Have received no interest or principal since I let him have it.  I have searched for the note a number of times where I have kept my papers, different places where I thought it could be found.  I have searched in all the places where I keep my papers.  Been unable to find it."   On cross-examination she testified as follows : " Since I received this note I have received money, about $2000, of John A. Tucker.  It was on another note."  This was all the evidence in the case.

The defendant objected that this evidence was not competent and sufficient to warrant the jury in finding a verdict for the plaintiff, and requested the judge so to rule.  The judge refused so to rule, and the case was submitted to the jury under instructions not excepted to.

The jury returned a verdict for the plaintiff for the full amount claimed ; and the defendant alleged exceptions.

*J. Brown*, for the defendant.   1. An inspection of all the evidence in this case discloses no attempt to prove the contents of the note.   The plaintiff says she received a note ; a memorandum or acknowledgment would be a note.   The declaration is upon a promissory note.   The evidence does not disclose a promise to pay as part of the contents of the lost note.   The evidence is too general, and would apply to any other note as well as the one described in the declaration.   For aught that appears it might have been a six years' note and not yet due.   The action was brought in 1874.   It was a stale claim at best.   She had not seen the note since the time she received it.   She had received $2000 since, but she says that was on another note.   No man's legal rights are safe, if the court upon such a state of facts refuses to instruct the jury that the evidence is too vague, uncertain, unsatisfactory and wholly insufficient to warrant a verdict for the plaintiff.   It not appearing by the evidence what the contents of the note were, it would be impossible to properly describe it in the bond of indemnity offered.   The note declared on would not describe it, because there is no proof that such a note was given in

substance or effect, and it appears other notes had been given by the defendant. To permit the plaintiff to recover on such proof, would open a wide door to fraud. *Tower* v. *Appleton Bank*, 3 Allen, 387, 392.

2. Under the declaration, Annie F. Newell, to whom it had been indorsed and to whom all the plaintiff's right, title and interest in the note had been assigned, was the proper plaintiff, the note declared on being negotiable.

*E. H. Bennett & H. J. Fuller*, for the plaintiff, were not called upon.

GRAY, C J. The note declared on was dated July 1, 1869, for $1000 payable on demand. The evidence at the trial was that the plaintiff lent the defendant $1000 in July, in 1868 or 1869, and at the same time received from him a note, which, there being no evidence when it was payable, might be presumed to be payable on demand ; and that this note had been lost and could not be produced. This evidence was sufficient, in the absence of evidence that any other note of this amount was ever given by the defendant to the plaintiff, to identify the note in suit, and to warrant the jury in returning a verdict for the plaintiff, and the court in rendering judgment in her favor upon her filing a sufficient bond of indemnity. *Clark* v. *Houghton*, 12 Gray, 38. *Goddard* v. *Sawyer*, 9 Allen, 78. *Nichols* v. *Allen*, 112 Mass. 23. *Tower* v. *Appleton Bank*, 3 Allen, 387. *McGregory* v. *McGregory*, 107 Mass. 543.

The assignment of all the payee's right in the note, without any indorsement, did not prevent the maintenance of an action upon the note in the name of the payee. *Foss* v. *Nutting*, 14 Gray, 484. *Cock* v. *Fellows*, 1 Johns. 143. *Smalley* v. *Wight*, 44 Maine, 442. *Exceptions overruled.*