## LESZYNSKY *v.* MERRITT.[*]

(*Circuit Court, S. D. New York.*   November 2, 1881.)

1. ATTORNEY—COMPENSATION FOR SERVICES—LIEN.
    *Prima facie* an attorney has a lien for compensation on the papers in his hands where he has rendered some services.

2. SAME—SUIT FOR COMPENSATION—CONTRACT.
    The question whether there was such a contract between an attorney and his client that the former, having given up his employment, has no claim to be compensated, must be determined in a suit brought by the attorney to recover the compensation, the lien remaining *in statu quo* meanwhile. If suit be not brought within a limited time and diligently prosecuted, the court will order the papers to be given up.

3. SAME—SAME—SAME.
    Except by consent such a question cannot be determined by the court in a summary way.
    *In re Paschal*, 10 Wall. 483, cited and followed.

*C. G. Patterson,* for the motion.

*R. M. Sherman,* opposed.

*Reported by S. Nelson White, Esq., of the New York bar.

BLATCHFORD, C. J. The clients and the attorney appear to be at issue, in good faith, on the matters which lie at the foundation of the contract for service. If the view of the clients is the true one, on the facts, nothing is due to the attorney. If his view of the facts is the correct one, something is due to him on a *quantum meruit*. *Prima facie* he has a lien for compensation on the papers in his hands because he rendered some services, and if there was such a contract, that, having given up the employment, he has no claim to be compensated, that ought to be made out. Except by consent, the question in dispute cannot be determined by the court in a summary way. It must be left to be determined in a suit to be brought by the attorney to recover the compensation; the lien, if any, remaining *in statu quo* meanwhile. If such suit be not brought within a time to be limited, or be not then diligently prosecuted, this court would order the papers to be given up. The order of June 28, 1881, ought to be vacated. The foregoing views are in accordance with the principles laid down *In re Paschal*, 10 Wall. 483.