WILLIAM B. BIRD & another, trustees, *vs.* CHICAGO, IOWA, AND NEBRASKA RAILROAD COMPANY.

Suffolk. January 17. — July 8, 1884.

If a trustee under a will, on demanding of a corporation a transfer of shares of stock standing in the name of his testator upon the books of the corporation, presents to the corporation certified copies of the will and of his appointment as trustee as evidence of his authority to demand a transfer, the corporation has no right to require that the copies shall remain in its custody.

DEVENS, J. This is an action of tort for the conversion of certain paper writings. It is submitted on agreed facts, and the only question presented is, whether the defendant is entitled, before issuing new certificates of stock to the plaintiffs, to retain the copies, properly attested, of the will of John A. Bird, under which the plaintiffs are trustees, and of the letter of the Probate Court of Norfolk County appointing them as such, with which it has been furnished. Whatever question might have been raised as to whether the defendant could be held liable in tort in the nature of trover for documents sent with a request that they be returned, is waived, if, as matter of law, the defendant is entitled to retain such documents when it issues new certificates of stock upon the strength of the evidence furnished by them. There is no by-law of the defendants, nor any provision in the laws of the State of Iowa, where it has its corporate

existence, entitling the defendants thus to retain them, although it has kept them in accordance with its usual practice, of which practice the plaintiffs had no notice.

The plaintiffs concede that, for the protection of the lawful owner of shares of stock, the corporation is bound to use reasonable care in the issue of new certificates; and that as transferees, by the operation of the will of John A. Bird and their appointment under it as trustees, of the shares of stock theretofore held by him in the defendant corporation, they might properly be required to satisfy it of their authority to receive the new certificates by virtue of such transfer. *Sargent* v. *Franklin Ins. Co.* 8 Pick. 90. *Thompson* v. *Page*, 1 Met. 565. *Loring* v. *Salisbury Mills*, 125 Mass. 138. *Machinists' National Bank* v. *Field*, 126 Mass. 345. The plaintiffs have furnished this evidence to the defendant for its examination, and it is admitted to have been satisfactory. Having done this, the plaintiffs were not bound to supply the defendant, for permanent preservation by it, with the official copies of the public records which constituted this evidence. It may be true that, should a controversy hereafter arise with the corporation, as to whether stock had been wrongfully surrendered to and transferred by it, it might be convenient for the defendant to be able to produce the evidence upon which it had consented to make the transfer; but if the plaintiffs have once proved, to the satisfaction of the defendant, their right to the transfer, they have done all which should be required. As the records are public, they are equally accessible to the plaintiffs and to the defendant, and the latter can at any time supply itself with the evidence required should it become important. While this question is not raised in *Sargent* v. *Franklin Ins. Co. ubi supra*, it is there remarked by Mr. Justice Putnam, "All that could be required of the person demanding a transfer on the books would be to prove to the corporation his right to the property."

The defendant contends that, as the person paying a bill or a promissory note is entitled to it as a voucher, so it is entitled to these copies as vouchers. The bill or note constitute themselves the demand, and their actual surrender upon payment is their proper and suitable acquittance. But the delivery up of notes and other negotiable securities upon payment of them,

and the filing of them in court on obtaining judgment, are not necessary conditions to the right to recover thereon. It has long been held in Massachusetts (in this respect differing from the law as administered in England) that the holder of a promissory note lost or stolen may recover the amount from the maker, in an action at common law, on filing a sufficient bond for his indemnity where that will afford protection. *Fales* v. *Russell*, 16 Pick. 315. *Almy* v. *Reed*, 10 Cush. 421. *McGregory* v. *McGregory*, 107 Mass. 543.

These copies are not vouchers proving a transaction, whether of payment or receipt, to have taken place, but the evidence which caused it to take place. The old certificates were vouchers which attested the right of the original owner to the shares in the stock of the defendant corporation. · These it had a right to have surrendered to it, or at least to be fully indemnified against, before the issue of new certificates. This surrender has been made, and the right of the defendant to retain these certificates is not contested.

The defendant deems that an analogy for its position may be found in the English law, by which the title deeds of real estate pass to the grantee. 2 Sugd. Vend. (8th Am. ed.) 35. 2 Bl. Com. 428. *Atkinson* v. *Baker*, 4 T. R. 229. We do not perceive that the reasons upon which this rule of the English law is rested afford any ground for the defendant's contention in the case at bar.

The defendant suggests that, upon the agreed facts, the Superior Court, as it ordered judgment for the defendant, may have found that there was a usage to retain these copies of which the plaintiffs had constructive notice. *West* v. *Platt*, 120 Mass. 421. Upon the question submitted, as matter of law, we do not think this inquiry arises. If it does, we do not perceive how, upon the facts stated, it could have been found that the plaintiffs assented to any usage to retain copies of documents such as those whose value is here in dispute.

A majority of the court are of opinion that the defendant was not entitled to retain the copies.

*Judgment for the plaintiffs.*

*H. D. Chapin*, for the plaintiffs.
*D. E. Ware*, for the defendant.