ALBERT A. COBB & another *vs.* JAMES TIRRELL & others.

Suffolk. March 3. — April 2, 1886. W. ALLEN & HOLMES, JJ., absent.

At the trial of an action upon a promissory note, alleged to be made by the defendant, payable to his own order, and indorsed by him to the plaintiff, the latter called a witness, who produced the note declared on, and handed it to the plaintiff's counsel, upon the understanding that it should be returned to him. The plaintiff then claimed the right to put the note in evidence as that declared upon by him, and as the foundation of his action ; and requested the judge to order the witness to produce the note for this purpose, the witness contending that it was his own property. The judge declined so to do; and ruled that the plaintiff was not entitled to recover. *Held*, that the plaintiff had no ground of exception.

CONTRACT upon a promissory note for $2167.54, dated November 27, 1878, alleged to be made by the defendants, payable to their own order in four months, and indorsed by them to the plaintiffs. After the former decision, reported 137 Mass. 143,

the case was tried in the Superior Court, before *Staples*, J., who ruled that the plaintiffs were not entitled to recover, and directed a verdict for the defendants; and, at the plaintiffs' request, reported the case for the determination of this court. If the ruling was wrong, the verdict was to be set aside, and a new trial granted; otherwise, the verdict was to stand. The facts material to the point decided appear in the opinion.

*R. M. Morse, Jr.,* for the plaintiffs.

*N. Morse,* (*G. M. Hobbs* with him,) for the defendants.

DEVENS, J.   When this case was last before the court, it was held that the plaintiffs might recover upon the note in suit, on proof of fraud by the defendants in relation to the composition agreement; but this decision assumed that the plaintiffs were of right entitled to the note in controversy as their property; and it was distinctly said that only the question raised between the plaintiffs and the defendants was decided, and not any question that might arise between the plaintiffs and John S. Fogg.  *Cobb v. Tirrell,* 137 Mass. 143.

At the trial we are now considering, Fogg, who was called as a witness by the plaintiffs, appeared, produced the note upon which the plaintiffs have brought suit, and handed it to the plaintiffs' counsel, upon the understanding that it should be returned to him.   The plaintiffs then claimed the right to put the note in evidence as that declared upon by them, and as the foundation of their action; and requested the court to order the witness to produce the note for this purpose, the witness contending that it was his own property.  This was in effect to ask the court to decide, in an action to which Fogg was not a party, that a valuable piece of property belonged to the plaintiffs, and not to the witness, in whose possession it was.

Admitting that the evidence in the case, including that from Fogg, tended to show that he had been actively engaged in a transaction with the defendants, by which they had induced the plaintiffs to become parties to a composition deed, under circumstances which would authorize them, if so disposed, to avoid the same, the rights of one actually in possession of property, and claiming to be lawfully so, cannot be dealt with in this summary manner.  He cannot be deprived of his possession without due process of law.  A proceeding to which he is not a party, where

he cannot call witnesses, and where he cannot have a trial of his asserted rights by a jury or other regular adjudication, does not properly protect them. The case of *Bull* v. *Loveland*, 10 Pick. 9, goes far to sustain the court in declining to order Fogg to produce the note for the purpose desired by the plaintiffs. In that case, it is true that the plaintiff had actually attached the property of the defendants, which, by the assignment, had been transferred to the holder of the note; and requiring him to surrender the note was to require that he should fix a lien by attachment on the funds which had been placed in his hands for the benefit of creditors, and upon which he had made advances. But in the case at bar it would be most unjust to the holder of the note, if, in advance of a decision between himself and the plaintiffs, he should be compelled to surrender the note, that the plaintiffs might make it the foundation of an action, recover upon it, and file it in their suit, thus rendering it unavailable for him as the foundation of an action for the whole or any part which might be due thereon to him, or as a voucher in his dealings with the defendants, and enabling the plaintiffs to levy the execution recovered upon the note upon the property assigned to him.

The plaintiffs further contend, that the actual production of the note was not essential to their case; and that they should have been allowed to sue and recover upon it as a lost note. It has long been held in Massachusetts, that a party, on proving that a note is lost or destroyed, may maintain an action thereon and recover judgment, on filing a bond, to the satisfaction of the court, indemnifying the defendant against any loss or damage if the note shall afterwards be found in the possession of a *bona fide* holder. The same principle would be applied where it was shown that a note was stolen. *Jones* v. *Fales*, 5 Mass. 101. *Fales* v. *Russell*, 16 Pick. 315. *Grimes* v. *Kimball*, 3 Allen, 518. *McGregory* v. *McGregory*, 107 Mass. 543. In England, prior to statutory provisions, it was held that no action at law could be maintained on a lost negotiable instrument. *Hansard* v. *Robinson*, 7 B. & C. 90. Common Law Procedure Act, 17 & 18 Vict. *c*. 125, § 87.

But the doctrine of the cases in regard to lost notes has no application where the ownership of the note is in dispute, and

the party in actual possession of it is known to the plaintiff. The defendant, even if he is bound to pay the note, is bound to pay it only once, and to respond only once to suit thereon. When the note is lost, the case, as it is presented to the court, is one where the plaintiff shows himself clearly entitled to the note and the debt secured thereby, although, by accident or misfortune, he cannot produce it, and there is no one who contests his claim thereto. But where the note is shown to be in existence, and the plaintiff's title thereto is disputed, the defendant should not be called upon to respond to him merely because he is willing to give a bond of indemnity. He should first obtain it, or at least establish the fact that he is the owner of it, in a suit with him who contests his title. That there may not be a failure of justice, where it is established, as between the maker and himself, that he owns the note and it is lost, it is right that the maker should be contented with the bond of indemnity. It is not a perfect security, as the maker may yet be subjected to painful litigation, when witnesses are dead and evidence has disappeared, while in the mean time the principal and sureties on the bond may have become insolvent, but it is the only security which the circumstances permit. As there can be no absolute security for the maker in such a bond, and as the subsequent litigation may put him to inconvenience and expense, he should not be compelled to accept it when it is possible otherwise fully to protect him. If the negotiable instrument has passed out of the plaintiffs' control, and into that of another person, they should not be allowed to maintain an action upon it, or the debt secured thereby, until, in some direct controversy with the possessor, they have negatived such person's right to it. *Van Alstyne* v. *National Commercial Bank*, 4 Abb. App. 449. *Crandall* v. *Schroeppel*, 1 Hun, 557. *Burns* v. *Tallon*, Arm., M. & O. 299, 301. *Rohrer* v. *Turrill*, 4 Minn. 407. *McKinney* v. *Hamilton*, 53 Mich. 497.

It was therefore correctly ruled that, on the evidence in the case, the plaintiffs were not entitled to recover.

*Judgment on the verdict.*