NICHOLAS SCHMIDT *vs.* PEOPLE'S NATIONAL BANK.

Suffolk.    March 18, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Action upon Lost Instrument — Bond of Indemnity — Interest.*

A bond of indemnity for the protection of the maker of a lost certificate of deposit may properly be required before the entry of judgment in an action brought to recover the deposit.

If a bank agrees to pay interest on a deposit at a rate less than six per cent, in an action to recover the deposit interest is to be computed at that rate to the date of the judgment.

CONTRACT upon a certificate of deposit for $2,700, dated January 18, 1888, " payable to the order of Charles E. Swain on return of this certificate properly indorsed," and indorsed by him to the plaintiff. Writ dated August 8, 1889. Trial without a jury, in the Superior Court, before *Bishop*, J., who reported the case for the consideration of this court.

In January, 1888, Swain, at the plaintiff's request, took the amount represented by the certificate and deposited it for him

in the defendant bank, receiving therefor the certificate, which he thereupon indorsed and delivered to the plaintiff. The bank at the time agreed to pay interest at the rate of two per cent per annum upon the deposit.

The plaintiff testified that after receiving the certificate he kept it on his person; that, after he had had it a few days, thinking from certain noises heard by him in the night-time about his room that he was about to be robbed, he tore up the certificate, and the next morning threw away the pieces; and that he supposed he could get his money just the same, because he had previously received money upon a second of exchange when the first of exchange had been lost. There was evidence tending to show that the plaintiff had previously been subject to derangement of mind, and that he drank somewhat, but not to excess. The plaintiff made demand upon the defendant for the deposit on February 1, 1888, and, upon his declining to give bond, the defendant refused payment of the deposit.

The plaintiff contended that, upon the evidence, the certificate of deposit was destroyed, and requested a finding of fact to that effect. He also contended that he was entitled to recover judgment without producing the certificate, and interest at the rate of six per cent per annum from the date of the demand.

The judge refused to find that the certificate was destroyed, but found as a fact that it was lost, and found for the plaintiff for the amount thereof, with interest at the rate of two per cent from its date to the date of the finding; and ordered judgment not to be entered without the production of the certificate until the filing of a bond by the plaintiff conditioned to save the defendant harmless, to the satisfaction of the court.

If the plaintiff should be required, before taking judgment, to give bond, judgment was to be entered on the finding; otherwise judgment was to be entered in such manner and in such amount as should be according to law.

*S. L. Whipple,* for the plaintiff.

*A. Blume,* for the defendant.

MORTON, J.    Whether regarded as a rule of practice or as a rule of law, it is well settled in this State that it is within the power of the court in an action at law upon a lost note by the owner thereof, or by the party entitled thereto, to require

the plaintiff, before the entry of judgment thereon and the issuing of execution, to file a suitable bond of indemnity for the protection of the maker or of the party or parties whom the plaintiff seeks to hold in such action. *Fales* v. *Russell*, 16 Pick. 315. *Almy* v. *Reed*, 10 Cush. 421. *Tower* v. *Appleton Bank*, 3 Allen, 387. *Tuttle* v. *Standish*, 4 Allen, 481. *Tucker* v. *Tucker*, 119 Mass. 79. *Hinckley* v. *Union Pacific Railroad*, 129 Mass. 52. *Cobb* v. *Tirrell*, 141 Mass. 459, 462.

The reason of the rule is, that the maker or the party whom it is sought to hold is, upon payment of the amount due upon the note, entitled to its production and surrender; but as this cannot be done when the note is lost or destroyed, and as it would in such a case be unjust to permit the maker or parties liable on the note to escape liability altogether by means of its loss or destruction, if they can be sufficiently protected in case it should afterwards come to light, and would be a hardship on the plaintiff to compel him to resort to a court of equity, the injustice and hardship which would otherwise result are avoided, and the defendants are protected by allowing the plaintiff to take judgment and have execution upon filing a suitable bond of indemnity. *Cobb* v. *Tirrell*, 141 Mass. 459, 462.

The trial in the present case was before the court without a jury, and the judge who tried the case found as a fact that the certificate was not destroyed, but was lost, and found for the plaintiff for the amount of the certificate with interest at two per cent, but ordered judgment not to be entered without the production of the certificate until a bond was filed by the plaintiff conditioned to save the defendant harmless, to the satisfaction of the court.

The finding of the court that the note was lost was a finding of fact, which cannot be revised here even if we saw any reason, which we do not, to doubt its correctness, and it is perfectly evident upon the cases cited above that it was entirely within the power of the court to make the order which it did, in regard to the entry of judgment. It is also clear that the finding in regard to interest was correct. *Brannon* v. *Hursell*, 112 Mass. 63. *Union Institution for Savings* v. *Boston*, 129 Mass. 82. *Pierce* v. *Boston Five Cents Savings Bank*, 129 Mass. 425.

In accordance with the report, the entry must therefore be,

*Judgment on the finding.*