## MARY CAMPBELL *vs.* RICHARD WHORISKEY.

Suffolk.　November 10, 1897. — January 5, 1898.

Present: ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Exception — Evidence — Ruling — Demand — Trust — Statute of Limitations.*

Where the exception to a ruling seemed to raise the question whether the judge could direct a verdict for the plaintiff upon his oral testimony, inasmuch as he could not tell whether the jury would believe some part of his statement, or the whole of it, or none of it, but no such question was argued by counsel, and the court was of opinion that the question was not intended to be raised, the court treated the case as the parties had treated it in argument, and proceeded to consider the law applicable to such a state of facts as the plaintiff disclosed by his testimony.

Where a demand must be made before bringing an action, in a strict sense the cause of action does not accrue until after the demand.

Where, A. having deposited money with B., there is nothing to indicate an expectation that a demand is to be made quickly, or that there is to be delay in making it, the time limited for bringing an action after the cause of action accrues should ordinarily be treated as the time within which a demand must be made.

While, though it was contemplated that B., with whom A. had deposited money from time to time, might use it as his own, and that the relation of debtor and creditor should grow out of the transaction, an element of trust also entered in, indicating an intention that B. should hold it for an indefinite time in the future, as much for the safety and convenience of A. as for the pecuniary benefit of either of them, and their conversation showed that in some respects B. was to stand in the place of a savings bank in receiving and keeping the money, an action by A. against B. to recover it brought four years after demand, which demand was nearly twenty years after the first and about thirteen years after the last deposit was made, is seasonably brought.

CONTRACT to recover money deposited with the defendant. Trial in the Superior Court, before *Hopkins*, J., who directed the jury to return a verdict for the plaintiff for the amount claimed, with interest from the date of demand; and the defendant alleged exceptions, the nature of which appears in the opinion.

*F. Hunt*, for the defendant.

*J. F. Cronan*, for the plaintiff.

KNOWLTON, J. The questions in this case arise under the statute of limitations. The only evidence at the trial was the plaintiff's testimony, and the defendant's only request was for a ruling that the plaintiff could not recover. This was refused, and the jury were instructed that her case was proved, and were

directed to return a verdict in her favor. Exceptions were taken to the ruling, as well as to the refusal to rule. In its broadest scope, the exception to the ruling would seem to raise the question whether the judge could direct a verdict for the plaintiff upon her oral testimony, inasmuch as he could not tell whether the jury would believe some part of her statement, or the whole of it, or none of it. But no such question has been argued by counsel on either side, and we are of opinion that the question was not intended to be raised. The defendant's request for a ruling was plainly predicated upon an assumption that the plaintiff's testimony was true, and we think the judge and the parties must have understood that the ruling was to be made, and afterwards that it was made, on the same assumption ; otherwise, inasmuch as the burden of proof was on the plaintiff, the judge certainly would have submitted her testimony to the jury. Treating the case as the parties have treated it in argument, we will consider the law applicable to such a state of facts as the plaintiff disclosed by her testimony.

She came to this country in 1869, went into service, and saved money from her wages. The defendant is her second cousin ; and having confidence in him, and knowing him to be a man of considerable property, she placed thirty dollars of her money in his hands in 1871. She let him have other sums from time to time, of which he kept an account in a book. Afterwards he gave her a paper as follows : " $632.75. East Cambridge, August 25, 1877. Amount of money with me belonging to Mary Whoriskey is six hundred and thirty-two dollars and seventy-five cents. Richard Whoriskey." When she first gave him money, he asked her to let him have it " sooner than to bank it." This is her language : " He said he would give me bank interest, and keep it safe for me until I wanted it." The other money was left with him in small sums, under a similar arrangement. When asked why she let him have it, she answered, " To keep it until I wanted it; to save it until I wanted it." In another answer she said, " I gave it to him to bank for me; that is what I gave it to him for, not to use it. He could do what he pleased with it, I suppose, when he got it." She also said that when he gave her the paper on August 25, 1877, she told him she would take care of the rest herself; and he told her to " take

care of the rest of the money, not for any bad use," and what she saved after that she "put in another bank in Chelsea."

She saw him frequently, but had no further conversation about the money until December, 1890, when she asked him for it. She has asked for it at other times since, but has received no part of it. This suit was brought on February 2, 1895. The question is whether her claim is barred by the statute of limitations.

We think it clear that he was not to be liable to a suit for the money until the arrangement under which he was retaining and using it was terminated by the plaintiff. His promise was not like that of the maker of a promissory note payable on demand, but was an undertaking to pay within a reasonable time after a demand. Her cause of action, in the sense of a present right to maintain a suit, did not accrue until she had demanded the money. *Little* v. *Blunt*, 9 Pick. 488, 490, 491. *Codman* v. *Rogers*, 10 Pick. 112, 119.

The defendant relies upon the doctrine which has been stated by many courts, that a person who is entitled to a payment after a demand which he may make when he chooses, is bound to make a demand within a reasonable time in order to preserve his rights as against the statute of limitations. The law in regard to this subject was considered, and the authorities were referred to in *Shaw* v. *Silloway*, 145 Mass. 503, where it is said that the question whether in such cases a demand must be made within a reasonable time, and whether six years should ordinarily be considered as a reasonable time, has not been determined in Massachusetts.

It is to be noticed that the bar of the statute of limitations differs from laches in suits in equity, inasmuch as it does not depend on equitable considerations in the particular case, but upon an express provision of statute, which is to be construed in the usual way. Where a demand must be made before bringing an action, it is plain that in a strict sense the cause of action does not accrue until after the demand. Whether the creditor's rights may be lost by delay in making a demand when no time is fixed for it, is a question which is answered differently in different jurisdictions. It has sometimes been held, or seemingly assumed, that, even if many years are permitted to elapse without

a demand, the statute will not begin to run until the demand is made. *Holmes* v. *Kerrison,* 2 Taunt. 323. *Thorpe* v. *Booth,* R. & M. 388. *Thorpe* v. *Coombe,* 8 Dowl. & Ry. 347. *Stanton* v. *Stanton,* 37 Vt. 411. *Rhind* v. *Hyndman,* 54 Md. 527. *Girard Bank* v. *Bank of Penn Township,* 39 Penn. St. 92. See *Thrall* v. *Mead,* 40 Vt. 540. Under this doctrine, carried to its extreme limit, a liability to a suit upon a claim might continue for an in-. definitely long time. The extreme doctrine in the other direction is, that the " cause of action accrues for the purpose of setting the statute in motion as soon as the creditor by his own act, and in spite of the debtor, can make the demand payable." *Palmer* v. *Palmer,* 36 Mich. 487, 494. *Ware* v. *Hewey,* 57 Maine, 391. *Sanford* v. *Lancaster,* 81 Maine, 434. *Pittsburg & Connellsville Railroad* v. *Byers,* 32 Penn. St. 22. *Morrison* v. *Mullin,* 34 Penn. St. 12. *Rhines* v. *Evans,* 66 Penn. St. 192, 195. In some of these cases the language of the contract was interpreted like that of a note payable on demand, which creates a liability to a suit without a previous demand. ' In some of the cases it is held that a demand must be made within a reasonable time, and that a reasonable time will not in any event extend beyond the statute period for bringing such an action. *High* v. *County Commissioners,* 92 Ind. 580, 588. *Keithler* v. *Foster,* 22 Ohio St. 27. *Atchison, Topeka, & Santa Fé Railroad* v. *Burlingame Township,* 36 Kans. 628. In New York, Alabama, and Tennessee there are statutes regulating the subject. In *Codman* v. *Rogers,* 10 Pick. 112, 120, Mr. Justice Wilde said: " A demand must be made within a reasonable time; otherwise the claim is considered stale, and no relief will be granted in a court of equity. What is to be considered a reasonable time for this purpose does not appear to be settled by any precise rule. It must depend on circumstances. If no cause for delay can be shown, it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action. There is the same reason for hastening the demand, that there is for hastening the commencement of the action; and in both cases the same presumptions arise from delay." Although he was merely stating the doctrine of laches in a suit in equity, his language has been quoted and referred to in several of the cases above cited as stating the true principle applicable to actions at law. In *Shaw*

v. *Silloway, ubi supra,* the decision was put upon the construction of the contract in reference to the time when a demand under it was to be made.

We are of opinion that the true principle is that the time when the demand must be made depends upon the construction to be put upon the contract in each case. If the contract requires a demand without language referring to the time when the demand is to be made, it is as if the words " within a reasonable time " were found in it. What is a reasonable time is a question of law, to be determined in reference to the nature of the contract and the probable intention of the parties as indicated by it. Where there is nothing to indicate an expectation that a demand is to be made quickly, or that there is to be delay in making it, we are of opinion that the time limited for bringing such an action after the cause of action accrues should ordinarily be treated as the time within which a demand must be made. See *Jameson* v. *Jameson,* 72 Mo. 640, and cases above cited. Such a rule seems fairly to apply the principles and analogies of the statute of limitations to the contract of the parties, and it is in accordance with the weight of authority in this Commonwealth and elsewhere.

The present action was brought seasonably after the demand, and the only question is whether the facts disclosed by the plaintiff's testimony show an intention of the parties that their arrangement should continue into the future for a considerable time before the plaintiff would be expected to demand her money. We are of opinion that they do. The plaintiff's deposit of her money was not an ordinary loan. While it was undoubtedly contemplated that the defendant might use the money as his own, and that the relation of debtor and creditor should grow out of the transaction, an element of trust entered in, indicating an intention that the defendant should hold it for an indefinite time in the future, as much for the safety and convenience of the plaintiff as for the pecuniary benefit of either of them. Their conversation shows that in some respects he was to stand in the place of a savings bank in receiving and keeping the money. A depositor in a savings bank need not call for his money within six years. *Lewis* v. *Lynn Institution for Savings,* 148 Mass. 235. Looking at their arrangement and their rela-

tions, we are of opinion that the plaintiff was not bound to demand her money within six years in order to save her rights, and that, under all the circumstances, her demand was made within a reasonable time. *Exceptions overruled.*