## DAVIS v. DAVIS.

(Circuit Court, D. Massachusetts. December 8, 1898.)

1. DEPOSITIONS—SUBPŒNA DUCES TECUM.
   A subpœna duces tecum may properly be issued against a deponent whose testimony is taken under Rev. St. § 863.

2. SAME—FEDERAL STATUTE—POWER TO TAKE OUTSIDE OF DISTRICT.
   Under Rev. St. § 863, a witness may be required to appear and submit to an examination outside the district in which the suit is pending.

3. ATTORNEY AND CLIENT—ATTORNEY'S LIEN ON PAPERS OF CLIENT—SUBPŒNA DUCES TECUM.
   An attorney, having a lien on papers of a former client in his possession for unpaid fees, cannot be compelled to produce such papers by a subpœna duces tecum issued on behalf of the client.

4. SAME—PROCEEDINGS FOR CONTEMPT.
   A court will not ordinarily determine the validity of an attorney's lien, unless by consent, in summary proceedings for contempt against the attorney for refusing to produce papers of the client in his possession in obedience to a subpœna duces tecum.

In re Petition for Subpœna Duces Tecum to Robert M. Morse.

Richard W. Hale, for petitioner.

Hosea M. Knowlton, for R. M. Morse, witness.

LOWELL, District Judge. The plaintiff brought a suit at law in the circuit court of the United States for the district of Montana. Desiring to examine Mr. Morse, a resident of this district, and to procure the introduction in evidence of certain papers in Mr. Morse's possession, he obtained a writ of subpœna duces tecum addressed to Mr. Morse, commanding him to appear before Mr. Fiske, a notary public, in Boston. Mr. Morse appeared duly before the notary, and deposed, but declined to produce the papers called for; which papers, it is admitted, were competent evidence in the suit pending in Montana. This is a proceeding against Mr. Morse for contempt.

The witness contended, first, that no subpœna duces tecum could properly issue against a deponent under the provisions of section 863 of the Revised Statutes, but that, if it be desired to obtain a subpœna duces tecum to a deponent, the applicant therefor must take out a dedimus potestatem under section 866. The contrary has been ruled in an elaborate opinion by Judge Choate in the circuit court for the Southern district of New York (U. S. v. Tilden, Fed. Cas. No. 16,522), and I agree with him. See, also, Lowrey v. Kusworm, 66 Fed. 539. I have had greater difficulty in determining if, under the provisions of section 863, a witness can, under any circumstances, be compelled to appear before a notary outside the district in which the suit is pending. Since the case of Insurance Co. v. Southgate, 5 Pet. 604, a deposition of a witness voluntarily appearing, if taken outside the district, has been admitted; and in several cases in the circuit court the right, under section 863, to compel a witness to appear and submit to examination outside the district has been decided or implied without doubt. See Ex parte Judson, 3 Blatchf. 89, Fed. Cas. No. 7,561. I hold, therefore, that the subpœna was properly issued.

The witness refused to produce the papers called for, because he claimed a lien upon them, as having once been counsel for the plaintiff. The plaintiff, while admitting that an attorney has a lien for his services upon papers deposited with him by his client, yet contends that that lien will not justify the attorney's refusal to produce those papers if he be summoned as a witness in any suit. I have been referred to but few cases bearing upon the right of a lawyer claiming a lien to refuse to produce papers for inspection when he has been summoned as a witness; but in Hope v. Liddell, 7 De Gex, M. & G. 331, the lords justices held that a lawyer summoned by a subpœna duces tecum could not refuse to produce in court documents upon which he claimed a lien, if the party demanding their production was not the person against whom the lien was claimed. In his opinion Lord Justice Knight Bruce carefully refused, however, to express any opinion upon the case in which the debtor was the person seeking production, while Lord Justice Turner implied pretty strongly that in such case the right to have the documents produced did not exist. That the debtor cannot require his former counsel to produce papers upon which the latter claims a lien is also implied or asserted in Re Cameron's Coalbrook, etc., Ry. Co., 25 Beav. 1, and in Brassington v. Brassington, 1 Sim. & S. 455, and the point was expressly ruled at nisi prius by Lord Chief Justice Denman in Kemp v. King, 2 Moody & R. 437. The exception to the general rule of production seems to me a reasonable one. That an attorney's lien on his client's papers should not be permitted to embarrass a third person in no way liable for the debt is reasonable, but, if an attorney's lien upon his client's papers amounts to anything, I think he may assert it as against the client, even when summoned by him to produce the papers by a subpœna duces tecum. The value of the lien often lies almost altogether in the power to withhold the papers from use as evidence, and that the debtor client should be allowed by a subpœna duces tecum to make practically worthless his creditor's lien seems to me unjust. If an attorney's lien is valid to defeat his client's writ of subpœna, I do not think that in this case I

ought to try, upon summary process, the validity of the particular lien claimed by Mr. Morse. See Cobb v. Tirrell, 141 Mass. 459, 5 N. E. 328; Leszynsky v. Merritt, 9 Fed. 688. White v. Harlow, 5 Gray, 463, was decided "upon the precise facts developed by the bill of exceptions," and, so far as appears, the witness made no objection to the determination of the validity of his lien in the principal case. Without deciding that in no case would it be proper to determine the validity of the attorney's lien upon summary process like this, I think it is not proper to do so here.