Boyd v. Buchanan.

BENNET W. BOYD, Appellant, v. J. H. BUCHANAN, Respondent.

### Kansas City Court of Appeals, January 19, 1914.

1. **CAUSES OF ACTION: Accrued: Right of Action: Limitations.** A cause of action has accrued when a right to bring an action exists.

2. **MORTGAGES AND DEEDS OF TRUSTS: Interest: Installments: Limitations.** A promissory note for $1500, secured by a trust deed and due in three years with interest payable in semiannual payments, provided "that on failure to pay any installment of interest when due, the holder may collect the principal and interest at once." It was *held* that a default in the payment of an installment of interest gave a right to an action and therefore was the accrual of a cause of action which started the Statute of Limitations to running and barred a foreclosure of the deed of trust in ten years.

3. **BILLS AND NOTES: Installments: Option: Limitations.** The fact that a note provides that on default in the payment of an installment of interest the holder "*may* collect the whole note" does not give him an option to collect or not so as to prevent the running of the statute from the day the installment became due and was unpaid.

4. **————: Payable on Demand: Accruing of Action.** A contract payable on demand does not give the holder an option to thwart the Statute of Limitations by refraining to make the demand, but his right of action accrues on the day of its date and the statute begins to run on that day.

5. **INJUNCTIONS: Law: Equity.** Injunction will lie to prevent the foreclosure of a deed of trust on the ground that the note secured by it is barred by limitations. In such case equity follows or applies the law period of limitations.

Appeal from Callaway Circuit Court.—*Hon. D. H. Harris*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. R. Baker* and *N. T. Cave* for appellant.

*H. N. Eversole* for respondent.

ELLISON, P. J.—Plaintiff is the owner of certain lands in Callaway county formerly the property of B. P. Jigglin who gave a deed of trust thereon to Benton Canon to secure the payment of his note to Canon, reading as follows: "Fulton, Missouri, Nov. 6, 1899. On or before three years after date, for value received, I promise to pay to the order of Benton Canon fifteen hundred & 00/00 dollars with interest at the rate of six per cent per annum payable semiannually as per six coupons hereto attached. It is agreed that if this note is not paid at maturity, it shall then draw interest at the rate of eight per cent per annum, and that on failure to pay any installment of interest when due, the holder hereof may collect the principal and interest at once."

The last two semi-annual interest coupons due on the 6th of May and November, 1902, were not paid, nor was any part of the principal. S. B. Gilliland became the owner of the note. The trustee in the deed of trust died, in which event the deed provided the sheriff of the county should act. In the latter part of October, 1912 (the particular day not certain) at Gilliland's request, the sheriff began to foreclose the deed of trust by advertising a sale of the land to take place on the 23rd November following. The plaintiff thereupon filed a bill for injunction on the ground that the note was barred by the Statute of Limitaion and a sale under the trust deed would cloud his title. The trial court found against plaintiff and dismissed the bill.

It appears on its face that the note became due the 6th of November, 1902, but the first of the last two interest payments became due on the 6th of May preceding; while, as we have just said, the beginning of foreclosure proceedings (by advertising the sale) was in October, 1912, the sale to take place November the 23rd following. From this it will be observed that more than ten years (the period of limitation) had elapsed between the maturity of the semiannual interest, due in May, 1902, and the day in October when foreclosure

proceedings were begun. The question is, did the non-payment of that installment of interest cause the cause of action to accrue on the note so as to set in motion the Statute of Limitations?

The statute (Sec. 1887, R. S. 1909) declares that limitation will begin to run when the "cause of action shall have accrued," and we have decided at this term, that a cause of action has accrued when a right exists to institute a suit for its enforcement. [Stark Bros. v. Gooding, 175 Mo. App. 353.] In this case the holder undoubtedly had a right to bring his action on the note when default was made the 6th of May, 1902, on the interest payable that day (Stark Bros. v. Gooding, supra, and authorities there cited.) [Construction Co. v. Coal Co., 205 Mo. 49, 64; Burnes v. Ballinger, 76 Mo. App. l. c. 63-65.]

But since the phraseology of the note in controversy is "that on failure to pay any installment of interest when due, the holder hereof *may* collect the principal and interest at once," it is suggested that it gave the holder an option to claim the whole note which he need not exercise and that his refusal to exercise it could not redound to the payer's benefit in the way of a claim to the protection of the Statute of Limitations. The law is otherwise. In Hemp v. Garland, 4 Q. B. 519, the contract was that plaintiff, in case of default, of an installment, "should be at liberty to enter up judgment and issue execution" for the whole debt. The court said that by the terms of the contract "the plaintiff was not obliged to give further time in case of default, but might, if he pleased, upon nonpayment of any installment, proceed to recover all that remained due of the principal sum." And that "The statute of Limitations runs from the time plaintiff might have brought his action . . . and as the plaintiff might have brought his action upon the first default, if he did not choose to enter up judgment, we think that the

defendant is entitled to the verdict upon the plea of the Statute of Limitations.''

In Reeves v. Butcher, 2 Q. B. 509 (1891), the contract of loan, like that in this case, concerned default in interest and provided that on default in the payment of a quarterly interest installment for twenty-one days after it became payable ''it should be lawful'' for the plaintiff to demand payment of the principal. LINDLEY, L. J., said: ''I am of opinion that we cannot differ from the judgment below without altering the law. The agreement is one reasonably easy to be understood. It provides for a loan for five years, subject to a provision that if default is made in punctual payment of interest the principal shall be recoverable at once. Now, the Statute of Limitations (21 Jac. 1. c. 16) enacts that such actions as therein mentioned, including ''all actions of debt grounded upon any lending or contract without specialty,'' shall be brought ''within six years next after the cause of such action or suit, and not after.'' This expression, ''cause of action,'' has been repeatedly the subject of decision, and it has been held particularly in Hemp v. Garland (1), decided in 1843, that the cause of action arises at the time when the debt could first have been recovered by action. The right to bring an action may arise on various events; but it has always been held that the statute runs from the earliest time at which an action could be brought.''

This rule finds apt illustration in contracts payable on demand. In such cases the better rule is that since an action might be brought on such claim immediately without any more demand than the action itself is, a right of action accrued on the day of its date and the Statute of Limitations begins to run on that day. [Easton v. McAllister, 1 Mo. 662; Wheeler v. Warner, 478 N. Y. 519; Ware v. Hewey, 57 Me. 391; Darnall v. McGruder, 12 Md. 439; Palmer v. Palmer, 36 Mich. 487; Morrison v. Mullin, 34 Pa. St. 12; Little v. Blunt,

9. Pick. 488; Codman v. Rodgers, 10 Pick. 112; Kraft v. Thomas, 123 Ind. 513; O'Neil v. Magner, 81 Cal. 631.]

If, however, the contract discloses that delay in its performance was intended, then a cause of action would not accrue on the day of its date (Jameson v. Jameson, 72 Mo. 640; Campbell v. Whoriskey, 170 Mass. 63). Or if the contract discloses that a cause of action does not come into existence until a demand is made, then it only accrues on demand and limitations will begin to run from the day of demand. [Campbell v. Whoriskey, supra, l. c. 65; Little v. Blunt, supra, l. c. 491.] But while the cause of action will not accrue in such cases until it is brought into existence by the demand, and limitation will not begin to run until after demand, yet this demand must be made within the period of limitation, else one by withholding demand would keep control of the statute in his own hands and retain indefinitely the right to mature an action and sue upon it. [Landis v. Sexton, 105 Mo. 486, 491; Little v. Blunt, supra, l. c. 491; Morrison v. Mullin, supra; Campbell v. Whoriskey, supra, l. c. 678; High v. Board of Com., 92 Ind. 580, 588; Keithler v. Foster, 22 Ohio St. 27; A. T. & S. F. Ry. Co. v. Burlingame, 36 Kan. 628.] In Codman v. Rodgers, supra, l. c. 119, the Supreme Court of Massachusetts said that "if a demand previous to the commencement of an action is necessary, the statute will not begin to run until a demand is made. But in the latter case there must be some limitation to the right of making a demand. A party must not be permitted to sleep over his rights, to the prejudice of the party on whom he makes a claim, and who by the delay may be deprived of the evidence and means of effectually defending himself. A demand must be made within a reasonable time; otherwise the claim is considered stale, and no relief will be granted in a court of equity. What is to be considered a reasonable time for this purpose, does not appear to be settled by any

precise rule. It must depend upon circumstances. If no cause for delay can be shown, it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action. There is the same reason for hastening the demand, that there is for hastening the commencement of the action; and in both cases the same presumptions arise from delay.''

None of the foregoing conditions to an immediate right of action exists in this case. The note does not show by its terms, nor by implication, that there was to be any delay. It gives the holder an absolute right to bring his action for the whole debt on default in payment of any installment of interest; and the right to bring the action was the accrual of the cause of action, putting the statute in motion.

The period of limitations for a mortgage or deed of trust by our statute is the same as for the note it secures; and equity follows the law in applying the limitation prescribed by the law. Therefore a bill to enjoin the foreclosure of a deed of trust by a sale by the trustee on the ground that the note is barred will lie at the instance of the owner of the land.

It follows that the judgment should be reversed and the cause remanded with directions to sustain plaintiff's bill. All concur.