## Case No. 7,561.

### Ex parte JUDSON.

[3 Blatchf. 89.] [1]

Circuit Court, S. D. New York. Nov. 22, 1853.

WITNESS—SUBPOENA—ATTACHMENT—PRACTICE.

1. The practice stated as to issuing an attachment against a witness for his refusal to obey a subpoena issued by this court, requiring his appearance before a United States commissioner, to be examined, de bene esse, as a witness in a suit pending in another district, under section 30 of the act of September 24, 1789 (1 Stat. 88), on the ground that he resides more than one hundred miles from the place of trial of such suit.

[Cited in Re Dunn, Case No. 4,173; U. S. v. Tilden. Id. 16,522.]

2. On the motion for such an attachment. this court will not examine the question as to whether the foreign suit is a real or a fictitious one, or an amicable one. or as to the object of examining the witness, but will assume that the suit is carried on in the usual way.

[Cited in Johnson Steel Street-Rail Co. v. North Branch Steel Co., 48 Fed. 193.]

This was a motion by the defendants in a suit pending in the circuit court for the district of Massachusetts, brought by Horace H. Day against the Boston Belting Company, for the issuing of an attachment against William Judson, for refusing to obey a subpoena issued by this court, requiring him to appear before a United States commissioner, to be examined, de bene esse, as a witness in that suit, under the 30th section of the act of September 24, 1789 (1 Stat. 88), on the ground that he resided more than one hundred miles from the place of trial of such suit.

Edgar S. Van Winkle, for the motion.

Edward N. Dickerson, for Judson.

NELSON, Circuit Justice. Several grounds of objection are set up, on the part of the witness, to the granting of this motion. Among other things, it is said that the suit is an amicable one; that the contending parties in it are in fact identical; and that the purpose of examining the witness is to obtain evidence from him, to be used, not in the suit in which the subpoena was issued. but in other cases now pending in which the witness is interested, and in which such evidence may be used to his prejudice. It is also intimated, that the suit is a fictitious one, got up to enable the parties to it to examine this witness. He states, in an affidavit made by him. that the defendants in the suit claim to derive from him their right to the patent for the infringement of which the suit is brought. and under which they are carrying on their business. We incline to think that we ought not to regard as sufficient these grounds of objection set up by the witness. We are bound to assume that this is a pending litigation, carried on in the usual way and affecting the rights of the parties to it, and that the defendants are entitled to all the usual methods of obtaining testimony. Judson is not a party to the suit. and seems to be a competent witness. And. if it is true that the defendants claim a right derived from him. so far his testimony may be very material to their rights in the litigation. We therefore think that we cannot look into the matters set up to impeach the good faith of the proceedings, and are bound to presume that they are carried on in the usual way. This is neither the time nor the place to impeach their bona fides. The proper place to do so is before the court in which they are pending, and, until a determination by that court. condemning them. is procured, we must assume that they are prosecuted in the usual way.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

The question of practice involved in this application was new to me, never having arisen before me. I therefore referred to the district judge, who has had more experience in such cases. I had seen a notice of a case decided by him some years ago, in which he recognized the principle involved in this motion. Our views in regard to it entirely concur. I mention this that there may be no doubt hereafter on the question. The attachment against the witness must be issued.

[A motion was subsequently made for an attachment against the above party to compel him to answer a question put to him on his examination before a commissioner. It was denied. Case No. 7,563.]