## JOHNSON STEEL STREET-RAIL CO. *v.* NORTH BRANCH STEEL CO.

*(Circuit Court, W. D. Pennsylvania.* November 12, 1891.)

1. **WITNESS—SUBPŒNA DUCES TECUM—SPECIAL EXAMINERS.**
   When, under the 67th rule in equity, a court has appointed a special examiner to take testimony in another district, a *subpœna duces tecum* may issue from the clerk's office of the latter district in the usual way, without a direct order of court, and the court of that district has power to punish a disobedience thereof. Rev. St. U. S. § 869, requiring an order of court for the issuance of such a subpœna, does not apply, as it is restricted to the taking of depositions *de bene esse,* or *in perpetuam rei memoriam* and under a *dedimus potestatem,* according to the provisions of sections 863 and 866.

2. **SAME—DISCLOSURES AFFECTING PRIVATE BUSINESS.**
   A *subpœna duces tecum,* requiring a witness not a party to the suit to produce certain drawings, must be obeyed, although the papers relate to a valuable secret method of producing a manufactured article.

3. **SAME—MATERIALITY OF THE EVIDENCE—SUIT FOR INFRINGEMENT OF PATENT.**
   In a suit for infringing a patent upon steel rails, where the defense is want of invention, in view of the prior state of the art, and that rails of the kind patented were in public use more than two years before the application, and it appears that rails of that general character were manufactured by a certain company for several years prior thereto, it is *prima facie* material to inquire into the exact shape of such rails, and therefore a *subpœna duces tecum* will issue to compel the production of drawings descriptive thereof.

4. **SAME—TO WHAT APPLICABLE—MODELS—FORMS.**
   A *subpœna duces tecum* can only be used to require the production of documents, and a piece of metal in the nature of a form or model is not the subject thereof.

In Equity. Bill by the Johnson Steel Street-Rail Company against the North Branch Steel Company for infringement of a patent. Heard upon a rule for attachment of John Fulton for contempt in refusing to obey a *subpœna duces tecum.*

*John R. Bennett,* for rule.

*Geo. J. Harding* and *P. C. Knox,* opposed.

REED, J. A bill in equity for infringement of certain letters patent having been filed in the circuit court for the eastern district of Pennsylvania, and the defendant having answered, Samuel Bell, Esq., was appointed by that court as a special examiner, upon the application of the defendant, to take testimony in this district. John Fulton, who is the general manager of the Cambria Iron Company, a corporation, not a party to the suit, was duly served with a *subpœna duces tecum,* directing him to produce at the hearing before the examiner certain drawings and templates. Mr. Fulton refused to produce them, although appearing at the hearing in person in obedience to the subpœna. Upon the argument of the rule taken by the defendant's counsel to show cause why an attachment for contempt should not issue, counsel for Mr. Fulton appeared, and the several positions taken in opposition to the rule will be considered.

It was argued that the subpœna had improperly issued from the clerk's office; that a *subpœna duces tecum,* in such a case as the present, could only be issued by order of court, upon petition or application of one of the parties. A circuit court in one district has power, under the 67th

rule in equity, to appoint a special examiner to take testimony in another district, (*Railroad Co.* v. *Drew*, 3 Woods, 691; *In re Steward*, 29 Fed. Rep. 813;) and the court in the latter district has power to issue a subpœna commanding a person living in its district to appear and testify before an examiner or master who has been appointed by the court of the former district, and who is discharging the duties of his appointment in the latter district; and such court also has power, under the 78th rule in equity, to punish such person for refusing to obey such subpœna, (*In re Steward*, *supra*.)   Nor do I think it necessary that, in such a case, an application must be made to the latter court for an order directing the *subpœna duces tecum* to issue, but such a subpœna may issue in the usual manner from the clerk's office, as in ordinary cases.

"If documents, the production of which is desired, are in the possession of one not a party to the suit, he may be compelled by a *subpœna duces tecum* to produce them, and if the subpœna is not obeyed he will be punished for contempt, on proof by affidavit that the documents are in his custody."   3 Greenl. Ev. § 305.

And such a subpœna is in ordinary and general use, and is of compulsory obligation and effect, in courts of law, (*Amey* v. *Long*, 9 East, 473; *Russell* v. *McLellan*, 3 Woodb. & M. 157,) and also in courts of equity, (1 Daniell's Ch. Pr. 906; *U. S.* v. *Babcock*, 3 Dill. 566;) and, by the 78th rule in equity, subpœnas may be issued by the clerk in blank, and filled up by the commissioner, master, or examiner, requiring the attendance of the witness at the time and place specified, and this applies as well to *subpœnas duces tecum*.   Section 869 of the Revised Statutes, providing for an order of court, upon which the *subpœna duces tecum* shall issue, applies to cases where depositions *de bene esse* are taken under the provisions of section 863, or *in perpetuam rei memoriam* and under a *dedimus potestatem*, under section 866.   *Ex parte Fisk*, 113 U. S. 713, 5 Sup. Ct. Rep. 724.   It does not apply to testimony taken, as in the present case, under the general powers of a court of equity, and in the mode prescribed by the equity rules.   An examination of the act of January 24, 1827, (4 St. at Large, 197,) the second section of which was re-enacted as section 869 of the Revised Statutes, shows that it was not intended to apply to all cases.

The subpœna having properly issued, the remaining question is as to the validity of the reasons given in support of the refusal of the witness to obey the subpœna.   The affidavit of Cyrus Elder, Esq., attorney for the Cambria Iron Company, which, it was understood at the argument, should be treated as though it were the answer of Mr. Fulton, says that he instructed the witness not to produce the articles called for by the subpœna, and his instructions were intended solely to prevent the disclosure of valuable business secrets of said Cambria Iron Company, and that the disclosures of the witnesses called for, and which the witnesses were required to answer and produce, related to a method of manufacturing a rail, which method has been developed by the Cambria Iron Company with great labor and expense, and that it is said company's valuable private property.   In the case of *Bull* v. *Loveland*, 10 Pick. 9,

the supreme court of Massachusetts discussed the question, and held that the witness was bound to answer a question pertinent to the issue, where his answer will not expose him to criminal proceedings, or tend to subject him to a penalty or forfeiture, although it may otherwise adversely affect his pecuniary interests, and said:

"There seems to be no difference in principle between compelling a witness to produce a document in his possession, under a *subpœna duces tecum*, in a case where the party calling the witness has a right to the use of such document, and compelling him to give testimony when the facts lie in his own knowledge. It has been decided, though it was formerly doubted, that a *subpœna duces tecum* is a writ of compulsory obligation, which the court has power to issue, and which the witness is bound to obey, and which will be enforced by proper process to compel the production of the paper, when the witness has no lawful or reasonable excuse for withholding it, (*Amey* v. *Long*, 9 East, 473; *Corsen* v. *Dubois*, 1 Holt, N. P. 239;) but of such lawful or reasonable excuse the court at *nisi prius*, and not the witness, is the judge."

In *Baird* v. *Cochran*, 4 Serg. & R. 396, the supreme court of Pennsylvania held that a witness in a civil suit may be compelled to give evidence which may affect his interest, provided it does not tend to convict him of a crime, or subject him to a penalty, saying:

"With these exceptions, every man may be compelled, on a bill filed against him in equity, to declare the truth, although it affect his interest. Why, then, should he not be compelled at law, except where he is a party to the suit? [Parties could not then under the laws of Pennsylvania testify or be called to testify.] The court in which he is examined will take care to protect him from questions put through impertinent curiosity, and confine his evidence to those points which are really material to the question in litigation. So far, his neighbor has an interest in his testimony, and no further ought he to be questioned."

In *Ex parte Judson*, 3 Blatchf. 89, the witness objected to testifying, for the reason that the suit was an amicable and fictitious suit, got up to enable the parties to examine the witness, to obtain evidence from him to be used, not in that suit, but in other cases, then pending, in which the witness was interested, and in which such evidence might be used to his prejudice; but the court held that the evidence might be material, that it was bound to assume that the case which, as in this case, was pending in another court, must be presumed to be genuine litigation, and that the witness must answer. In *Wertheim* v. *Railway, etc., Co.*, 15 Fed. Rep. 716, Judge WALLACE held that a corporation, not a party to the suit, might be compelled to produce its books and papers in evidence, which might be necessary and vital to the rights of litigants, and that considerations of inconvenience must give way to the paramount rights of parties to the litigation.

It was further contended by counsel for the witness that the articles called for by the subpœna were not such as could be the subject of a *subpœna duces tecum*. The subpœna required the production of certain drawings and templates. A template, as stated upon the argument, is a piece of sheet iron, the contour of which corresponds to the opening between the rolls. It was held in the *Case of Shephard*, 3

Fed. Rep. 12, that a *subpœna duces tecum* can only be used to compel the production of written instruments, papers, books, or documents, and that patterns for stove castings were not the subject of such a writ. I think that the subpœna cannot be enforced as to the templates.    A document, however, is defined as—

"An instrument upon which is recorded, by means of letters, figures, or marks, matter which may evidentially be used.   In this sense the term applies to writings; to words printed, lithographed, or photographed; to seals, plates, or stones on which inscriptions are cut or engraved; to photographs and pictures; to maps and plans.   So far as concerns admissibility, it makes no difference what is the thing on which the words or signs offered may be recorded.   They may be on stones, or gems, or on wood, as well as on paper or parchment."   1 Whart. Ev. § 614.

So far as material, then, the drawings called for by the subpœna should be produced, and the final question is how far they are material.

The bill in this case is based upon an allegation of infringement of a patent granted March 29, 1887.   Defense is made that the patent is void for insufficiency of invention, in view of the prior state of the art, and also that the invention claimed has been in public use for more than two years prior to the date of the application, which was made August 12, 1886.   It appears in testimony that rails of the general character of that covered by the patent in controversy were rolled by the Cambria Iron Company, under an arrangement with the plaintiff company, for the latter company, in 1882, and from that time down to the date of the patent.   It would seem to be material and pertinent, therefore, to the issue, to inquire into this matter, and the defendant is entitled to the production of such drawings as will show the form of rolls used for that purpose, down to the date of the patent.   The form of rolls used since has not been shown to be material to the issue.   My conclusion upon this subject is based upon the presentation of the case by counsel, upon only a part of the testimony, and is not intended to, in any manner, anticipate or influence the decision by the circuit court for the eastern district of the materiality or relevancy of the testimony, of which it alone must finally judge.   When the witness produces the drawings called for by the subpœna, in accordance with this opinion, and pays the costs of this application, the rule will be discharged, it appearing that no disobedience of the subpœna was intended; but this mode was taken by counsel to test the questions involved.