WILLIAM H. COLLINS, d. b. a., *vs.* JAMES TIGNER, p. b. r.

*Appeal—Sale of Horse—Warranty—Breach—Agreement to Return the Horse—Reasonable Time—Waiver—Rescission of Sale—Damages.*

1. No particular words are necessary to create a warranty. Every affirmation made at the time of the sale, as a fact, and as an inducement to the sale, if the buyer relies upon such affirmation, amounts to a warranty. Representations by the seller at the time of the sale as to the quality of the article constitute an express warranty.

2. When the buyer and seller have equal knowledge or opportunity of knowing the properties or qualities of the thing in question, and each relies on his own judgment and observation in regard to the matter, each deals on the strength and basis of his own opinion, and there is no warranty, either express or implied, in the transaction.

3. If the seller at the time of the sale agreed that if the article sold was not satisfactory the buyer might return it and receive back the money he paid, the buyer had a right to decide for himself whether after reasonable trial, the article was satisfactory to him.

4. When the plaintiff relies upon an express warranty, he must prove that the contract of warranty was made at or before the sale and not after. He must also prove the breach of the warranty ; that the unsoundness existed at the time of the sale and also the damages he has sustained.

5. The measure of damages where the article has not been returned is the difference between its actual value in its unsound or defective condition, and its value in that sound state in which the defendant represented it to be.

6. Where there was an agreement that the warranted article might be returned if not satisfactory, what will constitute a reasonable time within which the offer to rescind the contract shall be made, is a question for the court ; whether such a reasonable time has elapsed is a question for the jury. The general rule of law is that it must be done without undue delay, and with as much promptitude and despatch as the circumstances of the case will admit. But even though a reasonable time has elapsed it is competent for the defendant to waive the requirement of the law in that respect.

(*May 8, 1905.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*John B. Hutton* for defendant below, appellant.

*Richard R. Kenney* and *Arley B. Magee* for plaintiff below, respondent.

Superior Court, Kent County, April Term, 1905.

APPEAL.

The facts appear in the charge of the Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was originally brought by the plaintiff before a Justice of the Peace, in this county, to recover from the defendant the price or sum which, it is alleged, he paid to the defendant for a horse.

The case is now in this Court on an appeal from the Justice. You are not concerned with nor should you in any wise consider the result of the trial had before the Justice. The case is tried here anew—the same as if it had been brought in this Court in the first instance. And as was said to you before you were discharged upon the adjournment of the court, you are to confine your consideration of this case to the evidence which has been produced before you from the witness stand, and your verdict, whatever it may be, should be in accordance with the preponderance of the evidence, applied to the law of the case as announced to you by the Court.

The plaintiff claims that he bought the horse of the defendant on the 7th day of March, A. D. 1903, and that he paid therefor, at the time, the sum of ninety dollars. He further claims that at the time the horse had a cold and that its wind seemed to be affected; that he and the defendant discussed the condition of the horse; that the defendant assured him that its wind was all right, and that it was simply affected by a "shipping cold"; that he bought and paid for the horse upon the condition that if it was not sound and satisfactory to him, he might return it to the defendant who would in that event refund to him the money paid.

It was admitted that at the time the plaintiff paid for the horse, the defendant gave the following receipt:—"Smyrna, Del., March

7, 1903.  Received of J. B. Tigner ninety dollars payment for one bay mare 5 years old guaranteed to be kind and sound, good worker in all harness ($90.00).

"F. E. POSTLES,
*Clerk for  W.  H.  Collins.*"

The plaintiff further claims that in driving the horse home on the day on which he bought it—a distance of about 10 miles, from where the defendant resided—he observed that the wind of the horse was considerably affected; that on the following morning he called in a veterinary surgeon to examine the horse and he treated it for a week or two; that in about two weeks thereafter he went to see the defendant and informed him as to the condition of the horse and told him that it had not been in the condition to drive back; that it did not suit him and was not sound and asked him to take it back; that the defendant requested him to keep it another week and bring it back and he would take it back, and that he returned it about a week thereafter to the defendant who refused and has continued to refuse to refund the money paid for the horse.

The defendant admits that the horse had a slight cold at the time of the sale and that its condition both as to the cold and its wind was discussed, but he denies that the wind of the horse was affected, or that the horse was unsound or affected otherwise than by a " shipping cold."

He admits that at the end of about two weeks the plaintiff called upon and spoke to him about the condition of the horse, but denies that he told the plaintiff to keep the horse another week and then return it and he would refund to the plaintiff the price paid for the horse.  And the defendant claims that when the horse was returned to him, it was in a thin, weak and lame condition, different from that in which the horse was when he delivered it to the plaintiff.  He denies that he sold the horse subject to be returned if not satisfactory, and claims that his warranty did not extend to defects in the horse which were obvious and visible or to those made known to the plaintiff at the time of the sale.

You will, in your review of the evidence, recall the various statements and contentions of the respective parties and the testimony of their witnesses.

In considering this case you should endeavor to ascertain from the evidence what representations, if any, as to the soundness of the horse, were made by the defendant, as an inducement to the sale. And likewise whether the defendant agreed with the plaintiff at the time of the sale that if the horse was not sound and satisfactory, the plaintiff was at liberty to return it and receive his money back.

As to the question whether the defendant did warrant the horse to be sound, we will say, no particular words are necessary to create a warranty. Every affirmation made at the time of the sale, as a fact and as an inducement to the sale, if the buyer relies upon such affirmation, amounts to a warranty. Whether statements made at the time of the sale amount to an affirmation of a fact, or are simply expressions of opinion, often depend upon the nature and circumstances of the sale. The mere expression of an opinion, not amounting to an affirmation and not showing an intention to warrant, will not constitute a warranty. This Court has held that whatever representations are made by the seller at the time of the sale as to the quality of the article, is an express warranty.

*Burton vs. Young, 5 Harr., 233.*

It is a general rule of law that when the buyer and seller have equal knowledge or opportunities of knowing the properties or qualities of the thing in question, and each relies on his own judgment and observation in regard to the matter, each deals on the strength and basis of his own opinion; and there is no warranty, either express or implied, involved in the transaction.

*O'Neal vs. Bacon, 1 Houst., 215; Burton vs. Young, 5 Harr., 233; Cummins vs. Ennis, 4 Pennewill, 426.*

As to the alleged agreement to the effect that if the horse was not satisfactory, the plaintiff might return it and receive back the money paid therefor, we will say that such an agreement, if made at the time of the sale, would permit the plaintiff to decide for himself whether after reasonable trial, the horse was satisfactory to him.

To entitle the plaintiff to a recovery in this action it is incumbent upon him to satisfy you by a preponderance of the evidence that there was either (1) a contract of warranty ; (2) a breach of that warranty ; and (3) show the damages sustained by reason of such breach, or that the sale was made, as alleged, upon the express condition that if the horse was not satisfactory the plaintiff might return it to the defendant and receive his money back.

When the plaintiff relies upon an express warranty, as that the defendant at the time of the sale expressly stated that the horse was sound, or represented it as sound, he must prove that the contract of warranty was made at or before the sale and not after, and he must also prove the breach of the warranty. He must likewise show that the unsoundness existed at the time of the sale. Having proven the warranty and the breach thereof, it is incumbent upon him to show the damages which he has sustained.

The measure of damages in such a case where the horse had not been returned, is the difference between the actual or real value of the horse in his defective, unsound state, and his value in that sound state in which he was represented to be by the defendant.

*Burton vs. Young, supra.*

The plaintiff in this case does not seek to recover such difference, he having, it is alleged, returned the horse to the defendant, but he seeks to recover the entire sum which he paid for the horse ; he contending that under the contract of warranty and the breach thereof he not only had the right to rescind the contract of sale and return the horse, but that he had an express agreement with the defendant that if the horse was unsound or unsatisfactory he might return it and receive back the money paid for it.

We have been requested to instruct you that if you find that the plaintiff did not offer to return the horse upon the day on which he discovered the alleged unsoundness or on the day following that day, your verdict should be for the defendant. We cannot do so.

What will constitute a reasonable time within which the offer to rescind a contract shall be made is a question for the Court ;

whether such a reasonable time had elapsed before it was made in any case is a question for the jury, and that would depend to some extent on the circumstances of the case; but the general rule of law on the subject is that it must be done when allowable without undue delay, and with as much promptitude and dispatch as the circumstances of the case will admit.

*Wilson vs. Fisher, 5 Houst., 396.*

In the present case the plaintiff admits that he observed that the wind of the horse did not seem to be good on the day he drove it home; that the next morning it did not seem to be well and he called in a veterinary surgeon to treat it, and that in about two weeks thereafter he notified the defendant that the horse was sick and not satisfactory, and he alleges that defendant requested him to keep the horse about a week longer and then return it and he would take it back.

Whatever might be said about the delay of the plaintiff to notify the defendant in the first instance, if you find that notice of the condition of the horse was given as alleged by him, we say to you if you believe that the delay of the plaintiff in returning the horse was induced by the defendant, then under such circumstances the time when the horse was returned was a reasonable time in which the plaintiff might return it and rescind the contract of sale. We might say that if there had been such unreasonable delay to return the horse in the first instance as was not warranted by law, yet it was competent for the defendant to waive the requirements of the law in that respect, and it is for you to find whether under all the evidence there was such a waiver. But on the other hand if the plaintiff made up his mind on the day in which he drove the horse home or on the day following that it was not as represented and that it would not suit him and if, as alleged, the defendant did not induce him to delay the return, then the time when the plaintiff admits he did return the horse was not a reasonable time within the rule of law which we have stated to you, and in that event the plaintiff should not recover.

We have been requested to instruct you upon other questions of law not covered by this charge but we do not deem them pertinent to the facts disclosed by the evidence in this case.

If you are satisfied from the evidence that the defendant at the time of the sale warranted the horse to be sound and that at the time it was unsound, he is bound by his warranty, and if the plaintiff rescinded the contract and made return of the horse within a reasonable time under the circumstances of this case, or if you find that the defendant sold the horse upon condition that it should be satisfactory to the plaintiff, and if not satisfactory the plaintiff, might return it, and if you further find that the plaintiff decided that the horse would not suit him and he returned it to the defendant within a reasonable time according as we have instructed you, then the plaintiff is entitled to a recovery for the amount which he paid for the horse with interest thereon from March 7, 1903.

If on the other hand you find that the defendant did not so warrant the horse and that he did not sell it upon condition that it should prove satisfactory to the plaintiff as alleged, or if finding one or both of these, you further find that the plaintiff did not return the horse with such promptitude or dispatch as the law under the circumstances of the case would admit, unless the delay was induced by the statements of the defendant, then the defendant would be entitled to a verdict.

Verdict for plaintiff below respondent for $90.