## WILLIAM H. LOPER *vs.* SAMUEL H. LINGO.

### 1. SALES—BREACH OF WARRANTY—CAUSE OF ACTION—ESSENTIALS.

The essentials of a cause of action for breach of warranty of soundness of a horse at time of sale are, first, that at the time of sale the horse was warranted by the seller to be sound, the buyer relying thereon, that there was a breach of the warranty, the horse proving to be unsound, and that the buyer sustained damages thereby.

### 2. SALES—WARRANTY OF SOUNDNESS—BREACH.

Any disease or infirmity of a horse sold, not visible and palpable at the time of the sale, impairing his value or usefulness, rendered him unsound, whether known to the seller or not, constituted breach of the seller's warranty of soundness.

### 3. SALES—WARRANTY—CREATION.

Every averment relating to a chattel made by the seller as a fact at the time of a sale and as an inducement thereto, if relied upon by the buyer, amounts to a warranty, since no particular words are necessary to create a warranty.

### 4. SALES—WARRANTY—RELIANCE OF BUYER.

Where the buyer of a chattel relies on his own judgment and observation and deals on the strength and basis of his own opinion, no warranty results from the seller's affirmation respecting the chattel.

### 5. SALES—BREACH OF WARRANTY.

In an action for damages for breach of warranty of a horse sold, the measure of damages is the difference between the value of the horse in his unsound condition and his value had he been sound at the time of sale.

(*May* 1, 1916.)

PENNEWILL, C. J., and CONRAD, J., sitting.

*W. Watson Harrington* and *James M. Satterfield* for plaintiff.
*John D. Hawkins* for defendant.

Superior Court, Kent County, April Term, 1916.

ACTION OF TRESPASS on the case, No. 22, July Term, 1915.

Action by William H. Loper against Samuel H. Lingo for breach of warranty, respecting the soundness of a horse at the time of sale. Verdict for plaintiff.

The facts are stated in the charge of the court.

PENNEWILL, C. J., charging the jury.

This action is brought by the plaintiff to recover damages for an alleged breach of a warranty in the sale of a horse to him by the defendant on the eighth day of April, 1915.

Charge.

The plaintiff avers that on the day mentioned he bought from the defendant a horse for the sum of one hundred and thirty dollars upon the assurance of the defendant that the horse was all right in every way. And the plaintiff further avers that at the time of the purchase the horse was not all right in every way, but on he contrary was sick and unsound, and became and was of no use or value to the plaintiff.

The plaintiff, therefore, claims that he is entitled to recover as damages the full amount that he paid for the horse.

The defendant denies that the horse was unsound at the time of sale, or that he warranted him to be sound. He also denies that he said the horse was all right in every way, or used any language equivalent thereto; and he also denies that the plaintiff bought the horse upon the faith of any representation made by him.

[1] In order that the plaintiff may recover in this action he must satisfy you by a preponderance of the evidence (1), that at the time of the sale the horse was warranted by the defendant to be sound, and that the plaintiff relied upon such warranty; (2) that there has been a breach of the warranty, that is, that the horse was not then sound; and (3) that he has sustained damages by reason of said breach.

[2] Any disease or infirmity of the horse not visible and palpable, at the time of the sale, which impaired his value or usefulness, would render him unsound whether known to the defendant or not, and would constitute a breach of the alleged warranty.

[3] No particular words are necessary to create a warranty. Every affirmation made by the seller, as a fact, at the time of a sale, and as an inducement to the sale, if relied upon by the buyer, amounts to a warranty.

[4] But it is a general rule of law that if the buyer relies on his own judgment and observation, and deals on the strength and basis of his own opinion, there is no warranty. *Ellison v. Simmons*, 6 *Penn.* 200, 65 *Atl.* 591; *Collins v. Tigner*, 5 *Penn.* 345, 60 *Atl.* 978.

Applying this law to the present case, we say, that if the

defendant, at the time of the sale stated to the plaintiff as a fact that the horse in question was all right in every way, such statement constituted a warranty; and if the plaintiff bought the horse upon the faith of such statement, and the horse was at the time unsound, he (the plaintiff) would be entitled to recover whatever damages the jury believe he has sustained on account of such unsoundness, provided you believe the unsoundness was not palpable and obvious.

[5] The measure of damages would be the difference between the value of the horse in his unsound condition and his value if he had been sound, at the time of sale.

If you are not satisfied by a preponderance of the evidence that the horse was unsound at the time of sale, or that the defendant warranted him to be sound at that time; or if you are not satisfied that the plaintiff relied upon the alleged warranty of the defendant when he bought the horse, your verdict should be for the defendant.

Verdict for plaintiff.