AJAX PETROLEUM PRODUCTS COMPANY, a corporation, Plaintiff-Appellant, v. BLAKE, d. b. a., BLAKE EQUIPMENT COMPANY, Defendant-Appellee.

Ohio Appeals. Second District. Franklin County.

No. 4787    Decided March 13. 1953

Karn & Danaceau, Cleveland, for plaintiff-appellant.

E. G. Schuessler. Jenkins, Williams. Wendt, Murray & Deeg, Aubrey A. Wendt, of Counsel, Columbus. for defendant-appellee.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Common Pleas Court. The action was one for breach of express warranty and damages resulting therefrom  the plaintiff alleging that it purchased one 1500 gallon "Rosco" distributor from the defendant; that the same was warranted as being new but in fact was not new having been manufactured some four years prior thereto.

The record reveals that the defendant had been a distributor for this machine. which is a piece of road building equipment; that it had been manufactured some four years prior to the sale, but that it had never been used in any manner whatsoever except as an exhibit on two occasions at road shows. and that at all other times it had been properly stored indoors.

The president of the plaintiff corporation testified that he was of the opinion the word "new" meant newly made or of recent manufacture.   The defendant testified that he has been in the road equipment business for many years and that in this business the term "new" is used to designate that the piece of equipment had not been previously used.   The Court adopted the use test, found there had been no breach of warranty and instructed the jury to return a verdict for the defendant.

We find the term defined in 66 Corpus Juris Secundum, page 20:

"NEW    A relative term defined as meaning not yet used or worn; now first used for some purpose; recently made; still unimpaired by use. In its ordinary acceptation, the opposite of the term 'old.'"

It will be noted that under this definition the word may have a meaning contended by each of the parties, but when it has a special meaning in a certain business it must be interpreted as ordinarily used in that business. It is a matter of common knowledge that the use test is used in the automobile trade in determining whether or not an automobile is new. In other situations the use test cannot be employed for the reason that use consumes a commodity, for example. food products such as corn, wheat, potatoes, oranges, etc. In such cases the terms must mean the opposite of "old."

We are of the opinion the Court was correct in its conclusion, find no other error in the record and affirm the judgment.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.