Mary L. Bleacher and Ralph L. Bleacher, Plaintiffs, v. Bristol-Myers Company, a corporation of the State of Delaware, Defendant.

(*August* 17, 1960.)

BRAMHALL, Justice, sitting by special appointment of the Chief Justice.

*Edmund N. Carpenter, II,* (of the firm of Richards, Layton and Finger) for plaintiffs.

*William Prickett, Jr.* (of the firm of Prickett and Prickett) for defendant.

Superior Court for New Castle County, No. 275, Civil Action, 1959.

BRAMHALL, Justice:

This case comes before this Court on plaintiff's motion (1) for the production of advertisements relating to the sale of

"Ban", the name of a deodorant manufactured by defendant, together with the records of publications in which they appear; (2) for the production of copies of complaints made to defendant and investigation reports prepared on behalf of defendant in other injuries and (3) objection by defendant to plaintiffs' interrogatories requesting defendant to state in detail the formula of Ban, specifying the name and quantity of each ingredient used therein.

In July of 1958 plaintiff Mary L. Bleacher (hereafter plaintiff) purchased at retail a bottle of "Ban", a deodorant manufactured by defendant. As a result of the use of said deodorant, plaintiff alleges that she contracted a severe case of dermatitis, causing her to be compelled to undergo drastic medical treatment, including extensive hospitalization and surgery. Plaintiff's action is brought on the alleged negligence of defendant and on breach of warranty.

1. Motion for production of advertisements.

Plaintiff's motion, which is made pursuant to Rule 34 of the Superior Court *Del. C. Ann.* (similar in all respects to Rule 34 of the Federal Rules of Civil Procedure, 28 *U. S. C. A.*), calls for the production of all advertisements of Ban together with the records of their publication subsequent to January 1, 1957. Plaintiff alleges in her complaint that prior to the purchase of Ban by plaintiff, defendant, by means of various advertisements directed to the public and particularly to ultimate consumers, including plaintiff, warranted that they could use Ban for the purpose intended and in the manner directed in complete safety to the person. Plaintiff alleges that, on the contrary, this product was unsafe and harmful in that it contained a dangerous ingredient or ingredients harmful to the skin. Defendant filed an interrogatory asking plaintiff to identify the advertisements referred to in her complaint. Plaintiff answered by saying that they were television advertisements viewed by plaintiff in the spring of 1958 and

a full page advertisement appearing in the Ladies Home Journal in the issue of May, 1958.

Defendant concedes that plaintiff is entitled to the production of those advertisements referred to by plaintiff in her answers to the interrogatories, but objects to plaintiff's request for the production of all advertisements subsequent to January 1, 1957. Defendant's reasoning is substantially this: First, plaintiff cannot recover on a special warranty unless she relies on that warranty; secondly, that a warranty to the public generally is not actionable. Defendant further denies that the advertisements are relevant. Defendant also avers that there is no good cause shown on the part of plaintiff, as required by Rule 34, for the production of the advertisements.

Plaintiff's right to the production of the advertisements is for the purpose of proving a breach of warranty. If these advertisements would not in some way aid the moving party in the preparation of his case or if the refusal to produce would not unduly prejudice the preparation of the party's case or cause her hardship or injustice, they would not be relevant.

Plaintiff admittedly is entitled to receive all advertisements and all pertinent information relating to this product which came to her attention prior to her injury. As to the other advertisements which in no way came to her attention prior to her injury, and of which she presumably had no knowledge, I fail to see how they are at all relevant to plaintiff's claim of breach of warranty. No information is furnished in plaintiff's motion or in the affidavit filed in her behalf pointing out such relevancy. The law is clear that in order for a defendant to be responsible for a breach of warranty, plaintiff must have known about the warranty and have relied upon it. *Loper v. Lingo*, 6 *Boyce* 170, 97 *A.* 585. See 1 *Williston on Sales* (*Rev. Ed.*), § 206. If plaintiff knew nothing about the alleged warranty in the advertisements at the time

she purchased the deodorant, she certainly could not have relied upon any warranty which may have been contained therein.

The motion for production of advertisements—other than those advertisements seen by plaintiff prior to the accident—is denied.

2. Production of complaints and investigation reports in other cases.

Defendant objects to plaintiff's demand for the production by defendant of copies of complaints and defendant's investigations made thereon relative to injuries sustained by other persons as a result of the use of the same deodorant on the ground that they are irrelevant and that plaintiff has failed to show any good cause as to why they should be produced.

These papers are relevant and should be produced by defendant. Plaintiff's complaint is based upon the allegation that she was injured by reason of some ingredient or ingredients contained in the formula. The defense so frequently used in such cases is that the injury was caused by an allergy or unusual susceptibility on the part of the injured person. Evidence of injuries on the part of a number of other persons using the same deodorant might be admissible to show the probability that the injury to plaintiff was caused by the harmful ingredient in the formula rather than because of the peculiar susceptibility of plaintiff. *Carter v. Yardley & Co.*, 319 *Mass.* 92, 64 *N. E.* 2d 693, 164 *A. L. R.* 559. See *II Wigmore on Evidence* (3rd ed.), § 457; 20 *Am. Jur., Evidence*, § 304. Under such circumstances, the trier of facts could, and might, infer from such evidence that the skin of plaintiff and of the other persons injured was normal. See *Payne v. R. H. White Co.*, 314 *Mass.* 63, 49 *N. E.* 2d 425; *Carter v. Yardley & Co., supra.*

Plaintiff's motion for production of information and reports relating to injuries of other persons in the use of the same product is granted.

3. Disclosure of formula to plaintiff.

Plaintiff by way of interrogatories has requested defendant to state in detail the formula for Ban, specifying the name and preparation of each ingredient therein. Defendant objects on the ground that this formula is a trade secret and that courts generally have held that such secrets are privileged.

Plaintiff claims that she sustained serious injuries because of some ingredient or ingredients in the formula of Ban. She contends that in order for her expert witnesses to present accurate and thorough testimony as to the cause of plaintiff's injuries, it is necessary that these witnesses know the formula of Ban.

Although there is authority to the contrary, courts generally will not deny discovery merely because trade secrets of the objecting party will be disclosed. *Coca-Cola Co. v. Joseph C. Wirthman Drug Co.*, 8 Cir., 48 F. 2d 743; *Charles of the Ritz Dist. Corp. v. Federal Trade Comm.*, 2 Cir., 143 F. 2d 676; *Putney v. Du Bois Co.*, 240 *Mo. App.* 1075, 226 S. W. 2d 737, 17 A. L. R. 2d 375; *Johnson Steel Street-Rail Co. v. North Branch Steel Co.*, C. C., 48 F. 191; *McLeod Tire Corp. v. B. F. Goodrich Co.*, D. C., 268 F. 205; *Shimadzu v. Electric Storage Battery Co.*, D. C., 6 F. Supp. 393. Courts will consider the interest of both parties and will determine whether the promotion of the ends of justice by facilitating the trial or the interest of the person desiring to prevent divulging of the trade secret will prevail. *Putney v. Du Bois Co., supra.* Before a court will order a manufacturer to divulge information relating to a secret process or formula of his product, it must be clearly shown that the information required is relevant to the issue, not otherwise available and necessary in the proof

of plaintiff's case. *De Long Corp. v. Lucas, D. C.,* 138 *F. Supp.* 805; *Hyman v. Revlon Prod. Corp.,* 277 *App. Div.* 1118, 100 *N. Y. S.* 2d 937. See 17 *A. L. R.* 2d, *Discovery—Trade Secrets* 383.

■ There is no doubt but that the information concerning the ingredients and the quantity thereof contained in the formula is necessary in order to permit plaintiff, if she can, to prove her case. How otherwise could she show that she was injured by one or more of the ingredients contained in the formula? Very likely such evidence would have to be submitted to experts for their opinion as to whether the ingredients contained in the formula could have caused the results that followed.

I conclude that plaintiff is entitled to be advised as to the ingredients and the quantity thereof contained in defendant's secret formula. As to the process under which the formula is created, there is no showing that such process is relevant to the issue. As far as is consistent with the fair administration of justice, such trade secrets should be protected. Under Rule 30(b) of this Court, it has the right to do so. My ruling that plaintiff is entitled to the ingredients and quantity contained in the formula is subject to safeguards against unnecessary and unwarranted disclosure. Counsel may submit proposed forms of order; otherwise, this Court will resolve the matter.