**Gabriel RUDOLPH, Plaintiff,**

**v.**

**Boe HUCKMAN, t/a Boe's and Boe Huckman Marine, Defendant.**

Superior Court of Delaware, New Castle.

June 26, 1970.

O. Francis Biondi, Wilmington, for plaintiff.

Arthur J. Sullivan, of Morris, James, Hitchens & Williams, Wilmington, for defendant.

OPINION

STOREY, Judge.

This is an action by plaintiff buyer for rescission of a June 8, 1966 agreement for sale of a 1965 model boat, based upon defendant boat dealer's alleged breach of express and implied warranties made in connection with the agreement. Although the boat had set at defendant's dealership since delivery from the manufacturer in October of 1964, defendant, pursuant to plaintiff's request, described it in the bill of sale as a "new boat" and further stated therein that the boat would be delivered "as a new boat" and that "all parts of the boat and accessories will be in condition in respect to a new boat". After defendant's preparation of the boat for delivery and following a test run in which plaintiff noted discrepancies in the operation of the steering wheel, windshield wiper and depth finder, plaintiff accepted delivery of the boat in early July of 1966. During operation on the day of delivery, plaintiff experienced the following difficulties: The throttle linkage became disassembled; the helmsman and companion seats came apart when the securing screws dropped out; the toilet failed to function, and the windshield wiper and depth finder did not operate properly. Operation of the boat the first month subsequent to delivery disclosed the following additional problems: Loose steering wheel, screws dropping out of the hatch covers,

the sides of the boat and the seats, excessive leakage, and faulty operation of the outriggers, the binnacle lights, the electric anchor and the depth finder. Numerous attempts to contact defendant to have the problems rectified met with negative results. Finally, in late July or early August of 1966, after fifty-one hours of operation, an undetected and unexplained overheating of the boat engine caused severe damage to the engine, rendering it inoperable. After defendant's refusal to accept responsibility for repair, plaintiff, on September 6, 1966, notified defendant of his intention to rescind the agreement of sale.

■■■ The first issue to be resolved is whether a dealer-seller complies with an express warranty to sell a "new 1965 model boat" by selling a 1965 model boat which has been in his possession since delivery from the manufacturer in October of 1964. The statements made by defendant seller in the bill of sale constitute an express warranty to sell a new 1965 boat. 6 Del.Code Sec. 712; Modern Machinery Co. v. Perkins, 80 A. 1060 (Del.Super.1911); Loper v. Lingo, 97 A. 585 (Del.Super.1916); Collins v. Tigner, 60 A. 978 (Del.Super.1905). However, the mere fact that the boat had been in defendant's possession for some twenty months, did not preclude it from being a "new boat". See Mathis Equipment Company v. Rosson, 386 S.W.2d 854, 857 (Texas Civil App.1964); Ajax Petroleum Products Company v. Blake, 126 N.E.2d 926 (Ohio App.1953). Where a dealer expressly warrants delivery of a new 1965 model boat, and where 1965 model boats are no longer being manufactured at the time the warranty is made, compliance with such a warranty would seem to require that the boat have been in the dealer's possession for some time prior to delivery.

■■■ The second question in this case is whether a new boat with a defective steering wheel, windshield wiper, depth finder, throttle linkage, toilet, binnacle light, outrigger and electric anchor, in which the seats have fallen apart and excessive leakage has been experienced and whose engine has become severely but unexplainably damaged and inoperable after only fifty-one hours of operation, is of merchantable quality. The circumstances of the sale of the boat in this case give rise to an implied warranty that the boat was of merchantable quality. 6 Del.Code, Sec. 715 (2); Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1 (1960). Save for the damage to the boat engine, all other discrepancies complained of were obviously defects in the boat existing at the time of sale. Based upon all the circumstances, it is this Court's conclusion that the malfunction and damage to the boat engine were likewise, more probably than not, caused by a defect existing at the time of sale. See McCrossin v. Hicks Chevrolet, Inc., 248 A.2d 917 (D.C.App. 1969); Henningsen v. Bloomfield Motors, Inc., *supra*, 32 N.J. 358, 161 A.2d at 97–99; and cases cited therein. Given these defects, it is this Court's opinion that the boat was not of merchantable quality and that defendant has accordingly breached its implied warranty. Frantz Equipment Co. v. Leo Butler Co., 370 Pa. 459, 88 A.2d 702 (1952) *cf*. Adams v. Peter Tramontin Motor Sales, Inc., 42 N.J.Super. 313, 126 A.2d 358 (1956); See also 77 C.J.S. Sales § 327, p. 1183; 46 Am.Jur. 526, Sales Sec. 343. Since plaintiff's election was timely and since he has returned the boat to defendant in substantially the same condition as when received, save for deterioration due to the breach of warranty, plaintiff is entitled to rescind the agreement and recover all monies paid thereunder. 6 Del.Code Sec. 769.

Accordingly, judgment will be entered for the plaintiff and against the defendant in the amount of $8500.00.

It is so ordered.