Jerome **TOWE** and Joan Towe, Plaintiffs,

v.

**JUSTIS BROTHERS, INC.,** a Delaware corporation, and General Electric Company, a New York corporation, Defendants.

Superior Court of Delaware, New Castle.

April 17, 1972.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for plaintiffs.

Samuel H. Lewis, of Twilley, Barrett & Lewis, Wilmington, for defendant, Justis Brothers.

Wayne Elliott, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant, General Electric Co.

## OPINION

CHRISTIE, Judge.

The plaintiffs, Jerome and Joan Towe, allege that they purchased an electric refrigerator from defendant, Justis Brothers, Inc., on or about July 25, 1969. Shortly thereafter, the refrigerator was installed in the plaintiffs' kitchen and placed in operation. On September 16, 1970, a fire started in the refrigerator. The fire emanated from the mechanical part of the refrigerator and spread through the kitchen and other portions of the home resulting in alleged damages of $3,799.05.

This is an action to recover for the losses caused by the fire. Plaintiffs allege negligence on the part of the defendants and breach of the implied warranties of merchantability and fitness of the refrigerator for a particular purpose. Defendant, Justis Brothers, Inc., is a retailer of appliances manufactured by defendant, General Electric Company. Justis Brothers, Inc., has moved pursuant to Rule 12(b) (6), Del.C.Ann., to dismiss the warranty counts of the complaint for failure to state a claim upon which relief may be granted.

With respect to the cause of action based upon a purported implied warranty of merchantability, Justis Brothers, Inc., argues that the complaint is defective because it appears that the refrigerator operated satisfactorily for about fourteen months after delivery and the pleadings do not allege that the refrigerator was of non-merchantable quality at the time of sale. Defendant's position seems to depend on an assertion that proof that a breach existed at the time the refrigerator was delivered cannot be based solely upon the mere occurrence of an unexplained fire fourteen months after the date of purchase. Cf. McMeekin v. Gimbel Brothers, Inc., 223 F.Supp. 896 (D.C.W.D.Pa.1963).

A complaint will not be dismissed for failure to state a claim unless it appears that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief. Vagueness or lack of detail are not per se sufficient grounds to dismiss a complaint for failure to state a claim. Diamond State Tel. Co. v. University of Delaware, 269 A.2d 52 (Del.Supr.1970); Morgan v. Wells, 80 A.2d 504 (Del.Ch. 1951); 61 Am.Jur.2d, 'Pleading', § 225–28. A complaint should not be dismissed for failure to state a claim upon which relief can be granted if the complaint gives general notice as to the nature of the claim asserted against the defendant. Pfeifer v. Johnson Motor Lines, Inc., 8 Terry 192, 89 A.2d 154 (Del.Super.1952).

The Court is satisfied that some evidence of the existence of a defect at the time of delivery is an essential element of a cause of action for breach of the implied warranty of merchantability. Kates v. Pepsi Cola Bottling Co. of Salisbury, Md., 263 A.2d 308 (Del.Super.1970); Rudolph v. Huckman, 267 A.2d 896 (Del. Super.1970. It does not follow, however, that the plaintiffs failure to spell out all of the details of their cause of action requires a dismissal at this stage of the proceedings. It is conceivable that a defect existed in the refrigerator at the time of delivery and remained latent until manifested by the occurrence of the fire. It is possible that an expert will so testify. Furthermore, the trier of fact may decide that an unusual failure of mechanical origin is evidence of a defective condition at time of assembly without further proof of the specific defect in design or assembly. McDougall v. Ford Motor Company, 214 Pa.Super. 384, 257 A.2d 676 (1969).

Defendant appears to suggest that because the refrigerator was not rejected within fourteen months after delivery it must be inferred that the refrigerator was merchantable at the time of delivery since the statute requires rejection of faulty products within a "reasonable time". See 5A Del.C. § 2–602(1). This argument ignores the possibility of a latent defect. The statute does not require rejection of a

product for defects not yet discovered. Moreover the failure to give notice to the seller of defects at the time of acceptance will not bar a warranty action. 77 C.J.S. Sales § 339.

Defendant Justis Brothers, Inc., further challenges the sufficiency of the count predicated upon an implied warranty of fitness in that the pleadings fail to allege that defendant had reason to know at the time of contracting any special purpose for which the refrigerator was required or that plaintiffs relied upon defendant's judgment in the selection of a refrigerator suitable for that purpose. Here again the moving defendant relies on elements of the cause of action which defendants may be required to prove but the pleading gives adequate notice under modern practice.

Defendant's motion is denied.

It is so ordered.